412 So.2d 269 (1982)
Ex parte SOUTH CAROLINA INSURANCE COMPANY and Crawford and Company.
In re Lenton LANCASTER
v.
CRAWFORD AND COMPANY, et al.
80-846.
Supreme Court of Alabama.
April 2, 1982.
*270 Robert M. Girardeau of Huie, Fernambucq & Stewart, Birmingham, for petitioners.
Michael L. Roberts of Floyd, Keener & Cusimano, Gadsden, for respondents.
FAULKNER, Justice.
The defendants filed a petition against Circuit Judge Cyril Smith for a writ of mandamus or in the alternative for a writ of prohibition. We deny the writ.
The background leading to this petition began when Lancaster filed a complaint against his employer, Frame Brick & Tile Company; South Carolina Insurance Company and Seibels, Bruce & Company, the employer's workmen's compensation carriers; and the adjusting firm, Crawford and Company. The plaintiff alleged in his complaint fraudulent deprivation of workmen's compensation benefits, breach of contract, the negligent or willful failure to review Lancaster's medical evidence, the suppression of a material fact, deceit, misrepresentation, and conspiracy to deprive Lancaster of his claim for workmen's compensation benefits. Each defendant filed a motion for summary judgment.[1]
Judge Smith granted the motion as to Lancaster's employer, Frame Brick & Tile Company, but denied the motions as to the other defendants. Following his denial of the motions, the defendants filed their petition for mandamus, or in the alternative, prohibition.
After the statement of the facts, the relief sought is stated as follows:
"These defendants request the Court to dismiss the action in its present posture on the pleadings. It is contended that the actions referred to therein are governed by the workmen's compensation statutes, and these defendants have immunity therein. It is requested that the jury trial demand be withdrawn inasmuch as the workmen's compensation statutes should govern and they do not allow for a jury unless the employer asserts willful misconduct of the employee as a defense. In the alternative, these defendants request the court to compel a stay of proceedings until the workmen's compensation suit is filed or workmen's compensation benefits, if any, can be ascertained."
It is elementary that an action of mandamus is brought in a court of competent jurisdiction to obtain an order from that court to command an inferior court to do or not to do an act which the petitioner is entitled to have or not have performed. Here, the petitioner requests this Court to dismiss the action. A proper request would be that this Court command the trial judge to dismiss the action. Be that as it may, from a review of the petition, answer and briefs filed in this Court, it is obvious that the defendants are seeking to do by mandamus that which can be done on appeal. Mandamus cannot be used as a substitute for appeal. Echols v. Housing Authority of Auburn, 377 So.2d 952 (Ala.1979).
WRIT DENIED.
TORBERT, C. J., and ALMON, EMBRY and ADAMS, JJ., concur.
NOTES
[1] It cannot be determined from documents filed whether the motion is a Rule 12(b)6, ARCP, motion or a Rule 56 motion.