Odessa M. Cain leased a building within the corporate city limits of Opp, Alabama, and made application to the town council of the City of Opp for a private club liquor license. After a public hearing, held at the council's regular meeting in December 1985, the town council denied Cain's application for a private club liquor license.
Cain filed a motion for rule to show cause in Covington Circuit Court wherein she requested that the trial court require that the mayor and the members of the town council of the City of Opp be required to appear and show cause why they should not be required to issue the private club liquor license. Cain amended her petition by adding Count II, which alleged that the actions of the mayor and members of the council of the City of Opp denied her due process and equal protection of the law and gave rise to a cause of action under42 U.S.C. § 1983. Cain requested that the trial court issue a writ of mandamus ordering that the mayor and town council forthwith issue a private club liquor license and that the trial court find that a cause of action would lie under42 U.S.C. § 1983 and award compensatory damages accordingly.
The City of Opp filed a motion to dismiss Count II of the amended petition, alleging that this count is barred by the doctrine of res judicata, collateral estoppel, and/or issue preclusion in that Cain had unsuccessfully litigated those same issues in federal court and is therefore barred from relitigating those issues in state court. The City of Opp further alleged that its officials were immune from liability because the actions taken in the denial of Cain's application for a private club liquor license were the exercise of a quasi-judicial power and, further, were entitled to absolute legislative immunity. *Page 985 
After a hearing on the motion, the trial court issued an order granting the motion to dismiss Count II of Cain's amended petition. The trial court further stated "that the Plaintiffs shall not have the right to amend, it being the opinion of the Court that this judgment be a final judgment and that the same is appealable." Cain appeals from this order.
Our initial inquiry in this appeal is whether the order is an appealable order, since it disposes of fewer than all the claims. It is the duty of this court to dismiss an appeal ex mero motu if the order which serves as the basis of the appeal is not an appealable order. Powell v. Republic National LifeInsurance Co., 293 Ala. 101, 300 So.2d 359 (1974). Rule 54(b), Alabama Rules of Civil Procedure, provides:
 "(b) Judgment upon multiple claims or involving multiple parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. Except where judgment is entered as to defendants who have been served pursuant to Rule 4(f), in the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." (Emphasis added.)
In order to perfect an appeal from an order that disposes of fewer than all the claims or fewer than all the parties, Rule 54(b) requires that the trial court take two separate steps — (1) "an express determination that there is no just reason for delay" and, (2) "an express direction for the entry of judgment." See, Lyons, Alabama Rules of Civil ProcedureAnnotated, § 54.3 (1986). These two decisions should be kept separate. It appears that the drafters had that intention because of the use of different terminology and because each decision has a different scope of review on appeal. 10 Wright, Miller Kane, Federal Practice and Procedure: Civil 2d § 2655 (1983).
We recognize that Rule 58(b), Alabama Rules of Civil Procedure, provides, in pertinent part, that "[a] judgment or order . . . need not be phrased in formal language nor bear particular words of adjudication" in order to do away with unnecessary technicalities. However, in the case of determining when a judgment is final for purposes of appeal, Rule 54(b) set out two steps to be followed and further provided that "in the absence of such determination and direction, any order or other form of decision, however designated, . . . shall not terminate the action as to any of the claims or parties." A Rule 54(b) certification should not be given routinely and should only be granted in exceptional cases. Foster v. Greer Sons, Inc.,446 So.2d 605 (Ala. 1984).
In this case, we find that the trial court did not make "an express determination that there is no just reason for delay" nor did it make "an express direction for the entry of judgment" as provided in Rule 54(b). Chiniche v. Smith,362 So.2d 853 (Ala. 1978). As was done by the Supreme Court inFoster v. Greer Sons, Inc., 446 So.2d 605, we remand this case to the trial court for a determination as to whether this order should be properly certified as final under Rule 54(b). Unless such a certification is entered within ten days from the date of this opinion, this appeal is dismissed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES *Page 986 
WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and is hereby adopted as that of the court.
APPEAL DISMISSED CONDITIONALLY.
The trial court having failed to certify the judgment as final under Rule 54(b) within the time prescribed, this appeal is dismissed.
APPEAL DISMISSED.
All the Judges concur.
 *Page 87