Enoree Patterson Moore (wife) and James Randolph Moore (husband) were divorced by a final judgment of divorce dated April 8, 1993. The wife was awarded custody of the "minor child of the parties." The husband was awarded visitation rights with the minor child and was ordered to pay child support in the amount of $111 per month.
On May 25, 1994, the wife filed a document entitled "Motion to Reopen the Case and for Relief from Judgment." This motion was filed pursuant to Rule 60(b)(6), Ala.R.Civ.P. The wife alleged that the husband was not the natural father of the minor child, and she requested that the trial court reopen the case to set aside that portion of the decree which pertains to paternity, custody, and support of the minor child. The motion was denied. The wife filed a notice of appeal with this court. However, that appeal was dismissed.
On August 25, 1994, the wife filed a petition to reopen the case, pursuant to Ala. Code 1975, § 26-17A-1. Once again, the wife alleged that the husband was not the natural father of the minor child, and she requested that the case be reopened to set aside that portion of the decree which pertains to paternity, custody, and support of the minor child.
The maternal grandparents filed a motion to intervene, seeking visitation rights with the minor child.
After a hearing, the trial court issued an order, dated October 28, 1994, wherein it denied the wife's petition to reopen the case and granted the motion to intervene filed by the maternal grandparents. A hearing to determine the visitation rights was scheduled for a later date.
The wife appeals.
Our initial inquiry is whether the October 28, 1994, order is a final judgment for purposes of an appeal.
Rule 54(b), Ala.R.Civ.P., contains the following pertinent language:
 "When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."
(Emphasis added.)
Rule 54(b) also provides:
 "[I]n the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties. . . ."
(Emphasis added.)
The Committee Comments to Rule 54(b) state the following, in pertinent part:
 "In general the rule adopts equity practice of a 'split judgment.' See Equity Rule 69. The rule provides that, in the absence of affirmative action by the judge, no decision is final until the entire case has been adjudicated. The one exception is that where the court has completely disposed of one of a number of claims, or one of multiple parties, and has made an express determination that there is no just reason for delay, the court may direct the entry of judgment on that claim or as to that party."
(Emphasis added.)
If an order has failed to dispose of all of the parties or all of the claims, Rule 54(b) requires a two-step process on the part of the trial court to create an appealable order. There must be "an express determination that there is no just reason for delay" and "an express direction for the entry of judgment." Cain v. City of Opp, 524 So.2d 984
(Ala.Civ.App. 1988).
In the present case in the same order wherein the trial court denied the wife's petition to reopen the case, the motion for intervention *Page 7 
filed by the maternal grandparents was granted, and a hearing on that issue was scheduled for a later date. We would note that the trial court orally stated at the conclusion of the hearing that it intended for the denial of the wife's petition to reopen the case to be a final judgment. However, in its written order denying the petition to reopen the case and granting the motion to intervene, the trial court failed to make "an express determination that there is no just reason for delay" and "an express direction for the entry of judgment," as required by Rule 54(b).
The wife appealed from an order that was not a final order under Rule 54(b). Therefore, the appeal must be dismissed.Goza v. Everett, 365 So.2d 658 (Ala. 1978).
In view of the above, the guardian ad litem's request for attorney fees on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala. Code 1975.
APPEAL DISMISSED.
All the Judges concur.