RICHARD L. HOLMES, Retired Appellate Judge.
Steven Lee McBride (father) and Michelle McBride Gentry (mother) were married in December 1983. The parties have one son, who was born in January 1985. The parties were divorced in October 1990.
In December 1986 the Department of Human Resources (DHR), on behalf of DHR and the mother, filed in the Lauderdale County Juvenile Court a petition for child support (CS-86-699) against the father. In January 1987 the juvenile court issued an order, directing the father to pay child support and to reimburse the State of Alabama (State) for the public assistance which the State had paid to the mother toward the support of the minor child.
In August 1995 DHR filed a petition for contempt in case number CS-86-699, alleging that the father had failed to make child support payments, as ordered in the January 1987 order.
The father filed a motion to dismiss the contempt petition, alleging that “CS-86-699 is no longer the proper ease to bring any action for child support ... [a]s [the mother and the father] were divorced in Lauderdale County Circuit Court, ease no. DR-88-656.” *314 DHR filed a response to the motion to dismiss. The court scheduled a hearing on the motion to dismiss.
After a hearing the court issued an order in September 1995, merging case number CS-86-699 with the parties’ divorce case, case number DR-88-656. The order stated that any further action was to be brought before the judge handling case number DR-88-656.
The father also filed a petition, alleging that when the parties were divorced in October 1990, the circuit court awarded visitation “at reasonable times and places” and that the mother has denied the father access to the minor child. The father requested that the trial court order the mother to allow the father to exercise his visitation rights with the minor child.
After a hearing the court issued an order, dated February 20, 1996, in the merged cases. The order directed the father to continue paying child support as previously ordered. The court found that the father was in arrears in the amount of $8,574.77, plus $5,216.45 in interest. The court ordered the father to pay $20 per month toward the arrearage, which was to be applied toward the arrearage owed the mother until paid and thereafter to the arrearage owed the State.
The February 20, 1996, order also contained “Exhibit A,” which scheduled another hearing for 9:00 a.m. on April 23, 1996. “Exhibit A” ordered and directed both parties “to be present at that date and time for disposition of the father’s request that he be awarded visitation with the minor child.”
Both the mother and the father filed post-judgment motions, which were denied. The father appeals.
Our initial inquiry is whether the February 20, 1996, order is a final judgment for purposes of an appeal.
As this court stated in Moore v. Moore, 666 So.2d 5 (Ala.Civ.App.1995), if an order has failed to dispose of all of the parties or all of the claims, Rule 54(b), Ala. R. Civ. P., requires a two-step process on the part of the trial court to create an appealable order. There must be “an express determination that there is no just reason for delay” and “an express direction for the entry of judgment.” Rule 54(b), Ala. R. Civ. P. See Cain v. City of Opp, 524 So.2d 984 (Ala.Civ.App.1988).
The February 20, 1996, order does not dispose of all of the claims, and in fact, it schedules a hearing to consider the visitation issue raised by the father. Additionally, the trial court failed to make “an express determination that there is no just reason for delay” and “an express direction for the entry of judgment” in its February 20, 1996, order.
The father appealed from an order that was not a final order under Rule 54(b). Therefore, the appeal must be dismissed. Moore, 666 So.2d 5.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
APPEAL DISMISSED.
All the judges concur.