RICHARD L. HOLMES, Retired Appellate Judge.
The parties were divorced in March 1988. Under the terms of the divorce judgment, the trial court ordered the husband to pay child support for the parties’ three minor children. In November 1995 the husband filed a motion to modify the wage withholding order, claiming that child support was still being withheld for the oldest child, who was no longer a minor.
The wife responded with an answer, a counterclaim, an amended counterclaim, and a petition for a rule nisi. Specifically, she requested that the trial court (1) increase the child support for the parties’ remaining minor children; (2) order the husband to contribute to the minor children’s future college tuition; (3) order the husband to pay one-half of the learning disability fees for both children; (4) order the husband to pay for the youngest child’s eye examinations, eye glasses, and contact lenses; (5) order the husband to pay her attorney’s fees; and (6) hold the husband in contempt for failure to comply with the provision of the divorce judgment which required him to pay for the children’s extraordinary medical expenses.
The trial court, in its first order dated February 9, 1996, amended the wage withholding order, increased the child support, and rescheduled another hearing for all the remaining and pending issues raised by the wife.
Thereafter, the wife filed another counterclaim, wherein she requested that the trial court order the husband to contribute to the minor children’s private school tuition at McGill Toolen High School and at St. Pius X Catholic School.
The trial court, in its second order dated May 6, 1996, entered a judgment in favor of the wife for $2,069.57, which represented reimbursement for the minor children’s extraordinary medical expenses; denied the wife’s request for contribution for the private school tuition at McGill Toolen High School; ordered the husband to pay $1,000 per school year toward any learning disability program for the minor child attending McGill Toolen High School; ordered the husband to pay for the first $200 per year of medical deductibles; ordered the husband to pay 60% of the minor children’s non-covered medical bills, including eye glasses and contact lenses for the youngest child; and awarded the wife $750 toward her attorney’s fees. The order further scheduled another hearing for August 13, 1996, regarding the college tuition issue.
Thereafter, the husband filed a motion to alter, amend, or vacate the May 6, 1996, *1210 order. In his motion the husband requested that the trial court reduce that portion of its order pertaining to the reimbursement of medical expenses, clarify that portion of its order relating to the yearly medical deductibles, vacate that portion of its order relating to the learning disability fees, and vacate that portion of its order requiring him to contribute toward the wife’s attorney’s fees.
On August 9, 1996, the trial court entered a third order, which modified its May 6,1996, order. Specifically, the trial court reduced the amount of the judgment it awarded the wife for the minor children’s extraordinary medical expenses and clarified that portion of the order relating to the medical deductibles. The order further stated that “[a]ll other matters are reset until August 13, 1996, with respect [to] college tuition contribution issues.” The order did not address the issue of attorney fees.
The husband appeals from the May 6, 1996, order and the August 9, 1996, order and raises issues regarding the trial court’s reduction of the extraordinary medical expenses and the trial court’s award of attorney fees.
Our initial inquiry is whether the May 6, 1996, order and the August 9,1996, order are final judgments for purposes of an appeal.
As this court stated in Moore v. Moore, 666 So.2d 5 (Ala.Civ.App.1995), if an order has failed to dispose of all of the parties or all of the claims, Rule 54(b), Ala. R.Civ.P., requires a two-step process on the part of the trial court to create an appealable order. There must be “an express determination that there is no just reason for delay” and “an express direction for the entry of judgment.” Rule 54(b), Ala.R.CivJP. See Cain v. City of Opp, 524 So.2d 984 (Ala.Civ.App.1988).
Our review of the record reveals that neither of the orders from which the husband appeals is a final order, because neither of the orders disposes of all of the claims. In fact, both orders schedule a rehearing for the college tuition contribution issue. The August 9, 1996, order states that “[a]ll other matters are reset until August 13, 1996, with respect [to] college tuition contribution issues.” And, the trial court in its orders dated May 6, 1996, and August 9, 1996, did not make “an express determination that there is no just reason for delay” and “an express direction for the entry of judgment.”
Therefore, we conclude that the husband appealed from orders that were not final orders under Rule 54(b). Therefore, the appeal must be dismissed. Moore, 666 So.2d 5.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
APPEAL DISMISSED.
All the Judges concur.