RICHARD L. HOLMES, Retired Appellate Judge.
The parties were divorced in Harris County, Texas, in January 1987. Under the terms of the divorce judgment, the mother was awarded custody of the parties’ two minor children, and the father was ordered to pay $400 per month as child support. The judgment further provided that the parties would be equally responsible for the children’s non-covered medical expenses.
In 1994 the mother filed the following motions with the domestic relations division of the Circuit Court of Mobile County, Alabama: (1) a motion to enforce the foreign divorce judgment, (2) a motion to hold the father in contempt for failure to pay child support, (3) a motion to increase the child support, and (4) a motion requesting that the trial court order the father to be solely responsible for all of the children’s medical expenses. The Circuit Court of Mobile County asserted jurisdiction over the parties since both parties, as well as the minor children, had resided in Mobile for at least six months.
On April 21, 1995, the father filed an answer and a counterclaim, requesting, among other things, that the trial court (1) hold the mother in contempt for failure to comply with the visitation schedule set forth in the original divorce judgment, (2) grant the father additional visitation rights, (3) order the mother and the minor children to participate in counseling, (4) reduce his child support obligation, and (5) order DNA testing to determine the paternity of the parties’ minor daughter.
*155 On May 3, 1995, the trial court entered an order, wherein it ordered, among other things, that the father, the mother, and the minor daughter submit to DNA testing. The trial court set another hearing pending the results of the DNA tests. The results of the DNA testing revealed that the father was, in fact, the biological father of the minor daughter. On June 16,1996, the trial court, at the mother’s request, appointed a guardian ad litem to represent the best interests of the minor daughter.
Following an ore tenus hearing, the trial court entered an order, dated September 30, 1996, which states the following, in pertinent part:
“1. With respect to visitation ..., the visitation as to the minor son shall be reaffirmed.
“2. With respect to the visitation with [the minor daughter], the visitation shall be worked out by the parties as follows: the father and daughter and mother shall seek counseling with the purpose to help the father and daughter understand the concerns that the daughter has regarding visitation and to see if they can work out an agreement on visitation that is comfortable to the child. The Guardian Ad Litem ... has agreed to stay involved in this ease and to assist however he can.
“3. With respect to child support arrear-ages, the [mother] made an oral motion for child support arrearages and an objection was made by the [father] regarding this issue. As such, the court does continue the matter regarding arrearages until January 7,1997.
“4. With respect to an increase in child support, the court does grant an increase in child support to the amount of $775.00 per month .... This child support shall be retroactive to March 1994 and is in compliance with the Child Support Guidelines, [Ala.R.Jud.Admin.], Rule 32.
[[Image here]]
“6. Based upon the increase in child support from March 1994 through September 1996 ..., the judgment for child support arrearages is awarded in favor of [the mother] ... in the amount of $11,625.00.
[[Image here]]
“7. With respect to attorney fees, a judgment shall be awarded to [the mother], but the amount of same attorney fees is set over until January 7, 1997, to determine what amount would be reasonable under the circumstances.
“8. All pending matters in this case shall be set over to January 7, 1997, at 9 a.m.”
(Emphasis added.)
On October 29, 1996, the father filed a motion, requesting that the trial court reconsider its September 30, 1996, order. The trial court denied that motion on November 21,1996.
The father appeals.
At the outset we would note that the September 30,1996, order, from which the father appeals, is clearly not a final order. As this court stated in Moore v. Moore, 666 So.2d 5 (Ala.Civ.App.1995), if an order has failed to dispose of all of the parties or all of the claims, Rule 54(b), Ala. R. Civ. P., requires a two-step process on the part of the trial court to create an appealable order. There must be “an express determination that there is no just reason for delay” and “an express direction for the entry of judgment.” Rule 54(b), Ala. R. Civ. P. See Cain v. City of Opp, 524 So.2d 984 (Ala.Civ.App.1988).
In the instant case the record does not reveal that the trial court made “an express determination that there is no just reason for delay” and “an express direction for the entry of judgment.”
Based on the foregoing, we conclude that the father appealed from an order that was not a final order under Rule 54(b). Therefore, the appeal must be dismissed. Moore, 666 So.2d 5.
The mother’s request for an attorney fee on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
APPEAL DISMISSED.
All the judges concur.