RICHARD L. HOLMES, Retired Appellate Judge.
Dr. Julius R. Brown and Wallace Community College-Selma appeal from an order that, among other things, denied their motion to dismiss, granted Dr. Robert McConnell’s summary judgment motion, and entered a permanent injunction in favor of Dr. Robert McConnell.
Suffice it to say, due to the complex and extensive history of this case, we deem it necessary to set forth in detail the following facts: Brown is the president of Wallace Community College (the college). McConnell is the Vice President for Instruction at the college, and he reports directly to Brown. McConnell is currently, and has at all times relevant to this action, enjoyed the status of a protected employee under the Alabama Fair Dismissal Act, Ala.Code 1975, §§ 36-26-100 through -106.
In a letter dated August 25, 1995, Brown notified McConnell that McConnell’s position at the college was terminated, effective August 31, 1995. In that letter Brown charged McConnell with eleven instances of alleged misconduct. McConnell, in turn, requested a timely hearing, pursuant to both the Fair Dismissal Act and the revised hearing procedures of the State Board of Education.
Thereafter, in November 1995, a review board, consisting of three panel members, convened to determine whether Brown’s decision to terminate McConnell’s position at the college was arbitrary, unjust, or unwarranted, pursuant to the Fair Dismissal Act. After a rather lengthy hearing, the panel concluded that Brown’s allegations against McConnell were unsubstantiated and unwarranted. Thus, the panel concluded that Brown’s decision to terminate McConnell’s position was unjust. The decision of the panel, dated February 1, 1996, states the following, in pertinent part:
“Based on the findings of fact ..., the Panel ... finds that the termination of Dr. Robert McConnell was unjust and that his termination is hereby rescinded. The Panel orders that he be reinstated to his position of Vice President for Instruction at [the college], with the following provision. Recognizing that there is considerable division among the faculty at [the college], the Panel recommends ... that ... [the Chancellor] transfer Dr. McConnell to another postsecondary institution within the State of Alabama, in the first available position equal in status, compensation, and benefits to his position of Vice President for Instruction [at the college]. At the discretion of [the Chancellor], until this position can be found, Dr. McConnell may be placed on leave with full compensation and benefits. This position may or may not carry the title of Vice President as long as the criteria of equal status, compensation, and benefits are met. Refusal of the *478 transfer by Dr. McConnell would constitute grounds for dismissal.”
(Emphasis added.)
We would note that the events that transpired after the panel rendered its decision are somewhat extraordinary, because the college did not actually reinstate McConnell to his position of Vice President, pursuant to the panel’s decision. Instead, Brown, in what appeared to be another attempt to oust McConnell from the college, placed McConnell on paid administrative leave immediately after the panel rendered its decision; barred McConnell from entering the college premises; notified McConnell, six months later, that he had been transferred to another college; and threatened to terminate McConnell’s position immediately if he refused and/or challenged the transfer. We find it interesting to note that all the parties in this case recognized that neither the panel, the Chancellor, nor Brown had the authority to transfer McConnell to another position at another college. McConnell’s attorney promptly requested a due process hearing regarding the transfer. We would note that the college apparently refused McConnell’s request for a hearing.
On August 20, 1996, McConnell filed a complaint against Brown, individually, and in his official capacity as President of the college, and against the college (hereinafter collectively referred to as the college), seeking declaratory, injunctive, and equitable relief regarding the panel’s decision. McConnell also requested that the trial court award him damages and attorney fees. On the same day, August 20, 1996, the trial court issued a temporary restraining order enjoining the college, its officers, agents, servants, employees, and attorneys from:
“(i) failing or refusing to discontinue efforts to transfer [McConnell] ...; (ii) failing or refusing to permit [McConnell] his right to contest the proposed transfer ... pursuant to applicable law and rules and regulations adopted by the State Board of Education; and (iii) imposing upon [McConnell] any further punishment without first granting [McConnell] appropriate due process, and complying with applicable law and rules and regulations adopted by the State Board of Education.”
The trial court further ordered that McConnell remain on paid administrative leave, with full benefits, pending the resolution of the case. The trial court entered a subsequent order, dated September 18, 1996, which stated that the temporary restraining order would continue in full force and effect pending further orders of the court.
On October 4, 1996, the college filed a motion to dismiss, asserting the defenses of sovereign immunity, discretionary immunity, qualified immunity, and untimeliness of McConnell’s complaint.
On January 27, 1997, McConnell filed a motion for a summary judgment, supported by a narrative summary of the undisputed facts, along with a copy of the panel’s February 1, 1996, decision. Following a hearing, the trial court entered an order, dated March 26,1997, which (1) granted McConnell’s summary judgment motion; (2) denied the college’s motion in opposition because it was untimely filed; (3) denied the college’s motion to dismiss; (4) permanently enjoined and restrained the college, its officers, agents, servants, employees, and attorneys from refusing to reinstate McConnell to his position as Vice President at the college; (4) deemed that the panel had lawfully reinstated McConnell as Vice President; (5) deemed that neither the panel, nor Brown, nor the Chancellor had the authority to transfer McConnell to another college; and (6) directed that the college reinstate McConnell as Vice President for Instruction, with all duties and responsibilities of that office. The trial court also scheduled an additional hearing for April 17,1997, to ascertain McConnell’s damages, as well as attorney fees.
The college appeals from the March 26, 1997, order.
Our initial inquiry is whether the March 26, 1997, order is a final judgment for purposes of an appeal, since it disposes of fewer than all the claims.
As this court stated in Moore v. Moore, 666 So.2d 5 (Ala.Civ.App.1995), if an order has failed to dispose of all of the parties or all of the claims, Rule 54(b), Ala. *479 R. Civ. P., requires a two-step process on the part of the trial court to create an appealable order. There must be “an express determination that there is no just reason for delay” and “an express direction for the entry of judgment.” Rule 54(b), Ala. R. Civ. P. See Cain v. City of Opp, 524 So.2d 984 (Ala.Civ.App.1988).
Clearly, the March 26, 1997, order does not dispose of all the claims. In fact, it schedules a hearing for April 17, 1997, to ascertain damages and attorney fees. Additionally, the trial court failed to make “an express determination that there is no just reason for delay” and “an express direction for the entry of judgment” in its March 26, 1997, order.
We would also note that, apparently, since the entry of the trial court’s March 26, 1997, order, the parties have filed several petitions and motions, and the trial court has entered another order, dated April 24, 1997, which schedules another hearing for May 20, 1997. Thus, because the college appealed from an order that was not final under Rule 54(b), we conclude that the appeal must be dismissed. Moore, 666 So.2d 5. It is well settled that appellate review in a piecemeal fashion is not favored and that this ease provides a classic example.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
APPEAL DISMISSED.
All the judges concur.