HOLMES, Retired Appellate Judge.
In October 1996 the State of Alabama Department of Human Resources (State) filed, complaints, seeking an adjudication of paternity and seeking child support. The complaints alleged that M.L.B. was the father of M.M., K.M., and J.M., three minor children who were receiving public assistance. In the complaints the State requested that the trial court enter an order, adjudicating the paternity of the minor children, directing M.L.B. to pay a reasonable sum toward the support and maintenance of the minor children, and requiring M.L.B. to reimburse the State for support which he owed the State, retroactive to May 25,1995.
The State filed a summary judgment motion, along with an affidavit of the minor children’s mother and the results of the blood tests administered to determine the probability of paternity. M.L.B. failed to file a response in opposition to the State’s summary judgment motion. Thereafter, in June 1997 the trial court issued an order, which states the following, in pertinent part:
“There appearing to be no genuine issue of material fact, IT IS ADJUDGED that the motion for summary judgment is granted and that [M.L.B.] is the father of the minor children herein named.
“The matter of child support is held in abeyance pending [M.L.B.’s] release from incarceration.”
M.L.B., appearing pro se, appeals, raising several issues.
Our initial inquiry is whether the June 1997 order is a final judgment for purposes of an appeal.
As this court stated in Moore v. Moore, 666 So.2d 5 (Ala.Civ.App.1995), if an order has failed to dispose of all of the parties or all of the claims, Rule 54(b), Ala. R. Civ. P., requires a two-step process on the part of the trial court to. create an appealable order. *284 There must be “an express determination that there is no just reason for delay” and “an express direction for the entry of judgment.” Rule 54(b), Ala. R. Civ. P. See Cain v. City of Opp, 524 So.2d 984 (Ala.Civ.App.1988).
The June 1997 order does not dispose of all of the claims. While the order establishes M.L.B. as the father of the three minor children, it fails to resolve the child support issue. This is a classic example of a non-final order. The trial court failed to make “an express determination that there is no just reason for delay” and “an express direction for the entry of judgment” in its June 1997 order.
M.L.B. appealed from an order that was not a final order under Rule 54(b). Thus, the appeal must be dismissed. Goza v. Everett, 365 So.2d 658 (Ala.1978).
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala.Code 1975, § 12-18-10(e).
APPEAL DISMISSED.
All the judges concur.