HOLMES, Retired Appellate Judge.
This is a child custody case.
Our review of the record reveals the following: The trial court divorced the parties in July 1988 and awarded custody of the minor child to the mother.
On November 13, 1995, the father filed a motion for a modification of custody, alleging, among other things, that the mother had been arrested and was incarcerated. The trial court awarded temporary custody of the parties’ thirteen-year-old child to the father pending further orders of the court. Both parties filed subsequent motions regarding child support obligations.
The trial court, after hearing testimony from the mother, the father, and the father’s friend, entered an order on April 4, 1997. The trial court noted that in order to maintain the status quo of the custody arrangement, the father would retain temporary custody of the child, and the mother would have liberal visitation rights. Specifically, the trial court noted that the mother would have unsupervised visitation with the child for six weeks during the summer and that another hearing would be necessary after the expiration of those six weeks to re-evaluate the situation. The mother was apparently no longer incarcerated at the time of the hearing.
Thereafter, the father filed a motion requesting that the trial court reconsider its April 4, 1997, order. Specifically, the father expressed his concerns regarding the unsupervised visitation, the non-award of child support, and the trial court’s failure to award him permanent custody. On June 27, 1997, following a hearing, the trial court entered an order, wherein it denied the father’s motion and reiterated that the mother would have unsupervised visitation with the child. Additionally, the trial court made the following provision regarding the unsupervised visitation:
“3. THAT the minor child of the parties is to notify the ... father in the event any problems arise or any inappropriate behavior occurs, and upon the occurrence of same, and upon proper motion being filed herein, that the court will terminate the [mother’s] visitation.”
We would note that the child testified before the trial judge in an in camera proceeding and that the trial judge obviously considered the child’s wishes and determined that visitation in an unsupervised setting would not be detrimental to the child’s safety.
The father appeals.
Our initial inquiry is whether the June 27, 1997, order is a final order for purposes of an appeal, since it disposes of fewer than all the claims. If not, then the father in his reply brief requests that this court treat his appeal as a writ of mandamus.
As this court stated in Moore v. Moore, 666 So.2d 5 (Ala.Civ.App.1995), if an order has failed to dispose of all the parties or all of the claims, Rule 54(b), Ala. R. Civ. P., requires a two-step process on the part of the trial court to create an appealable order. *1246 There must be “an express determination that there is no just reason for delay” and “an express direction for the entry of judgment.” Rule 54(b), Ala. R. Civ. P. See Cain v. City of Opp, 524 So.2d 984 (Ala.Civ.App.1988).
Clearly, the June 27,1997, order does not dispose of all of the claims. In fact, the trial court’s June 27, 1997, order was merely an order which addressed the father’s concern regarding the unsupervised visitation. The order did not in any way modify the prior order, dated April 4, 1997, which noted that another hearing would be necessary to re-evaluate the situation. This is a classic example of a non-final order. The court failed to make “an express determination that there is no just reason for delay” and “an express direction for the entry of judgment” in its June 27, 1997, order. Thus, because the father appealed from an order that was not a final order under Rule 54(b), the appeal must be dismissed.
As stated previously, the father in his reply brief requests for the first time that this court treat his appeal as a writ of mandamus. We decline. It is clear that mandamus in this case is not the proper vehicle for obtaining review of the issues raised by the father in this appeal, especially since the issues are presumably moot. In other words, this court must presume the following: that the child visited with his mother as scheduled during the summer of 1997; that the trial court, since this appeal, has more than likely conducted another hearing; and that the trial court has more than likely issued a final order, from which the father can appeal or has appealed. Thus, the father cannot seek “to do by mandamus that which can be done on appeal. Mandamus cannot be used as a substitute for appeal.” Ex parte South Carolina Ins. Co., 412 So.2d 269, 270 (Ala.1982).
In light of the above, this appeal is due to be dismissed, and the father’s request for an attorney fee is denied.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
APPEAL DISMISSED.
All the judges concur.