The record indicates that the trial court set the issue of the wife's request for attorney fees for a separate hearing, which was never held. Both the husband and the wife proceeded with their appeals before the date the trial court set for the hearing on the attorney fees. I conclude that both appeals are from a nonfinal judgment; and, therefore, that the appeals should be dismissed. See Goza v. Everett, 365 So.2d 658 (Ala. 1978) (holding that order which did not address all claims for relief was not a final judgment and that an appeal from such an order was due to be dismissed); see also Brown v. McConnell, 705 So.2d 476
(Ala.Civ.App. 1997) (holding that order which did not address issues of damages and attorney fees is not a final judgment); but see Holman v. Bane, 698 So.2d 117 (Ala. 1997) (holding that the trial court's judgment confirming the sale of real property and a division of the proceeds was a final judgment even though the trial court reserved the attorney-fees issue, and apparently limiting the holding to sale-for-division actions).
Thompson, J., concurs.