THOMPSON, Judge.
Wanda Punturo Young and Bryan S. Punturo were divorced by a judgment of the Circuit Court for the County of Grand Traverse, Michigan, dated June 4, 1993. Two children were born of the parties’ marriage. Pursuant to the Michigan divorce judgment, the parties were awarded joint custody of the minor children, with the mother having primary physical custody. The mother and the two children have resided in Alabama since 1992.
On January 19, 1999, the mother filed in the Circuit Court of Tuscaloosa County a petition to modify the Michigan divorce judgment. In her petition, the mother sought, among other things, an increase in child support and an order requiring the father to contribute to the children’s future college expenses.
The father entered an appearance solely to contest the trial court’s subject-matter jurisdiction and its personal jurisdiction over him; he moved to dismiss the mother’s petition. A proceeding regarding the children was also pending in the Michigan court at the time the mother filed her petition in the Tuscaloosa Circuit Court. The father claimed that the Michigan court was the appropriate forum and that it had continuing jurisdiction over this matter.
The Tuscaloosa Circuit Court concluded that it had jurisdiction over the parties and over the subject matter in this action. Therefore, it denied the father’s motion to dismiss. The father filed a motion to reconsider that ruling. The mother moved for a determination of the time periods for the father’s upcoming summer visitation with the children. The court conducted a hearing on the father’s motion to reconsider its refusal to dismiss the action and on the mother’s motion regarding summer visitation.
On May 10, 1999, the Tuscaloosa Circuit Court entered an order denying the father’s motion to reconsider and specifying the dates for the father’s visitation with the children for the summer of 1999. The father appealed from that order. The mother filed a motion in this court to dismiss the appeal as having been taken from a nonfinal order. On June 8, 1999, this court, on motion docket, dismissed that appeal on that basis.
On September 22, 1999, the mother filed a second motion seeking a clarification of the father’s right to visitation. In that motion, she sought a determination of the dates of the father’s visitation with the children for the Christmas holidays. On November 4, 1999, the trial court entered an order modifying the visitation provisions of the Michigan divorce judgment. The father appealed.
Because we conclude that this appeal is also taken from a nonfinal judgment, we must dismiss it. See Bacadam Outdoor Advertising, Inc. v. Kennard, 721 So.2d 226 (Ala.Civ.App.1998). The mother’s original petition sought a determination on the issues of child support and college expenses for the minor children, among other issues. She later sought a clarification or modification of the visitation provision of the Michigan divorce judgment. The father appeared in the action solely to contest the jurisdiction of the trial court. The trial court’s orders have addressed only the issues of jurisdiction and visitation. The record indicates that the mother’s counsel informed the trial court that he believed the trial court did not have *1030 jurisdiction over the “money matters.” However, the mother did not dismiss her claims as to those issues, and the trial court has not ruled on those issues.
Some of the issues raised in this action remain unresolved. Because the trial court’s November 4, 1999, order did not dispose of all of the claims of the parties, that order is interlocutory and does not constitute a final judgment. Rule 54(b), Ala. R. Civ. P. The trial court did not make its order final pursuant to Rule 54(b), Ala. R. Civ. P. See M.L.B. v. State ex rel. M.M., 707 So.2d 283 (Ala.Civ.App.1997).
This appeal was taken from a nonfinal judgment. Therefore, it is due to be dismissed. Bacadam Outdoor Advertising, Inc. v. Kennard
DISMISSED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.