CRAWLEY, Judge.
Ron Harris and Jamie Harris appeal from the trial court’s entry of a summary judgment in favor of Thermax, Inc., Jim Jones, and Carl Parise. We dismiss the appeal.
A brief recitation of the procedural posture of this case provides the basis upon which we dispose of this appeal. The Har-rises sued Thermax, Inc., Jim Jones, and Carl Parise asserting claims of fraud, breach of contract, and equitable and promissory estoppel; Thermax and Parise filed a timely answer. The trial court dismissed the Harrises’ claims against Jones on the basis of lack of service, but it later set aside its dismissal upon a showing that Jones, acting pro se, had mistakenly sent his answer directly to the Harrises’ counsel rather than to the trial court. Thermax and Parise filed a motion for a summary judgment, specifically requesting that the trial court certify the judgment as final pursuant to Rule 54(b), Ala. R. Civ. P., with a supporting brief and exhibits. Thermax and Parise filed a supplement to their motion for a summary judgment, and the Harrises filed a response, with a supporting brief and evidentiary materials. The record does not contain, and the case action summary sheet makes no reference to, a motion for a summary judgment filed by Jones. After conducting a hearing on the motion for a summary judgment filed by Thermax and Parise, the trial court entered an order purporting to grant a summary judgment as to all the defendants. The Harrises filed a notice of appeal to the supreme court. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
In discussing the requirements of Rule 56, Ala. R. Civ. P., our supreme court has stated:
“Because Rule 56 requires, at the least, that the nonmoving party be provided with notice of a summary-judgment motion and be given an opportunity to present evidence in opposition to it, *474 the trial court violates the rights of the nonmoving party if it enters a summary judgment on its own, without any motion having been filed by a party.”
Moore v. Prudential Residential Servs. Ltd. P’ship, 849 So.2d 914, 927 (Ala.2002)(emphasis added). Pursuant to Moore, the trial court could not enter a summary judgment in favor of Jones, and could not dispose of the Harrises’ claims against him, because Jones had not filed a motion for a summary judgment. As a result, the Harrises’ claims against Jones have not been adjudicated.
Under circumstances somewhat similar to those presented in this case, this court has stated:
“Although neither party has questioned the finality of the trial court’s judgment in this case, jurisdictional matters, such as the question whether an appeal is supported by a final judgment, are of such importance that this court takes notice of them ex mero motu. See Wilson v. Glasheen, 801 So.2d 848 (Ala.Civ.App.2001); Nunn v. Baker, 518 So.2d 711 (Ala.1987). A final judgment is one that completely adjudicates all matters in controversy between all the parties. See McCollough v. Bell, 611 So.2d 383 (Ala.Civ.App.1992).
“The record is quite clear that one of the named parties ..., while properly served, never appeared in court nor did the trial court dispose of the claims against him in the orders it entered in March 2001. An order that does not dispose of all claims or determine the rights and liabilities of all the parties to an action is not a final judgment. See Stone v. Haley, 812 So.2d 1245 (Ala.Civ.App.2001). In such an instance, an appeal may be had ‘only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.’ See Rule 54(b), Ala. R. Civ. P.; Baker v. Johnson, 448 So.2d 355, 358 (Ala.[1983]). We find no Rule 54(b) certification in the record. Therefore, this court must dismiss the appeal as being from a nonfinal judgment. See Powell v. Powell, 718 So.2d 80 (Ala.Civ.App.1998).”
Eubanks v. McCollum, 828 So.2d 935, 937 (Ala.Civ.App.2002). The trial court did not certify its summary judgment in favor of Thermax and Parise as final pursuant to Rule 54(b), Ala. R. Civ. P. Thus, we conclude that this appeal should be dismissed as being from a nonfinal judgment.
APPEAL DISMISSED.
YATES, P.J., and THOMPSON, PITTMAN, and MURDOCK, JJ., concur.