THOMAS, Judge.
We Got Games, LLC ("WGG"); Bernard Buggs, individually; and Bernard Buggs Investment Company ("BBI") appeal from a summary judgment entered by the Jefferson Circuit Court in favor E & D Ventures, LLC ("E & D"). We dismiss the appeal.
Background
Buggs is the sole owner of WGG and BBI, both of which are Alabama companies. In August 2013, Buggs formed WGG and listed the following on the certificate of formation regarding the reason for WGG's creation: "All lawful reasons for which a company can be formed in Alabama, including providing the public with a mobile gaming entertainment center." Later that month, WGG executed, through Buggs, a written contract with E & D, a North Carolina company, to purchase a "Rockin' Rollin' Video Game Mobile Game Theater" business package, which included training and a 32-foot trailer ("the trailer") equipped with a generator, various video-game systems, televisions, lighting, speakers, and other features designed to provide entertainment at events and parties. The total purchase price provided by the contract was $69,779, with a $34,639 deposit having been paid when the order was *1226 placed, and WGG agreeing to pay $35,139 upon receipt of the trailer.[1]
According to E & D, Buggs traveled to North Carolina and retrieved the trailer, but he did not provide E & D with the $35,139 remainder of the purchase price that WGG had agreed to pay upon delivery of the trailer. E & D thereafter sued WGG, Buggs, and another individual in the circuit court. After a bench trial, the circuit court entered a judgment in June 2015 ("the 2015 judgment") dismissing with prejudice E & D's claims against Buggs and the other individual but also determining that WGG had breached its contract with E & D. The circuit court awarded E & D $35,139 in damages and $5,270.85 in attorney fees.
In December 2015, E & D filed a complaint in the circuit court against WGG, Buggs, BBI, and Gaming Enterprise, LLC ("GE"), whom it referred to "collectively [as] '[d]efendants,' " and fictitiously named parties. In its complaint, E & D alleged, among other things, that it had been unable to collect the $40,409.85 total award set out in the circuit court's 2015 judgment, despite its attempts to obtain a garnishment. It further alleged that, after the circuit court entered the 2015 judgment, WGG had dissolved and transferred all of its assets to GE, which, E & D alleged, had only recently been formed. E & D also alleged that Buggs had recently posted the trailer for sale on his personal-profile section of a social-media Web site.
In light of its allegations, E & D asserted that it should be permitted to "pierce the corporate veil surrounding WGG and BBI and impose personal liability for the full amount of the [2015] judgment against Buggs." In its complaint, E & D also asserted claims of "breach of contract/successor liability" against GE, fraudulent transfer against WGG and GE, constructive trust against the "[d]efendants," deceptive trade practices against the "[d]efendants," and civil conspiracy against the "[d]efendants." In January 2016, Buggs, acting pro se, submitted an answer to E & D's complaint, denying most of its allegations. See Progress Indus., Inc. v. Wilson, 52 So.3d 500, 507-08 (Ala. 2010) ("This court has ... held that a pleading filed by a non-attorney engaging in the unauthorized practice of law in purporting to represent a separate legal entity is a nullity."). In February 2016, E & D provided notice to the circuit court that it was voluntarily dismissing, without prejudice, its claims against GE. See Rule 41(a)(1), Ala. R. Civ. P. (providing, in relevant part, that "an action may be dismissed by the plaintiff without order of court ... by filing a notice of dismissal at any time before service by the adverse party of an answer or a motion for summary judgment, whichever first occurs").
In March 2016, E & D moved for a default judgment against WGG, Buggs, and BBI, arguing that Buggs's answer had been a procedurally insufficient response to the complaint. The circuit court set E & D's motion for a hearing, which was continued several times. In July 2016, WGG, Buggs, and BBI filed a response to E & D's default-judgment motion with the assistance of counsel, in which they also asked the circuit court to dismiss E & D's complaint with prejudice. E & D later submitted a response opposing the motion to dismiss. On July 20, 2016, the circuit court entered an order denying E & D's default-judgment motion and the motion to dismiss filed by WGG, Buggs, and BBI.
*1227 On February 24, 2017, E & D filed a motion and supporting evidentiary materials seeking a summary judgment regarding only its "piercing the corporate veil claim against" WGG, Buggs, and BBI. WGG, Buggs, and BBI submitted a response to the motion with an accompanying affidavit. On June 7, 2017, E & D submitted a supplement to its summary-judgment motion, which included additional evidentiary materials. On July 24, 2017, the circuit court entered an order granting E & D's summary-judgment motion, finding the "[d]efendants ... jointly and severally liable for the $40,409.85; plus reasonable attorney fees, costs in this case, and the post-judgment interest pursuant to Ala[.] Code [1975,] § 8-8-10."
WGG, Buggs, and BBI filed a notice of appeal on August 30, 2017. On October 24, 2017, this court issued an order reinvesting the circuit court with subject-matter jurisdiction to "consider and enter, if appropriate, an order setting the amount of the attorney fee." See Haynes v. Vassilik, 175 So.3d 620, 621 (Ala. Civ. App. 2015) ("In this case, the trial court's judgment found that [the prevailing party] was entitled to a reasonable attorney fee. However, the trial court made no determination regarding the amount of the attorney fee. Therefore, the trial court's judgment is nonfinal for purposes of appeal, and a nonfinal judgment will not support an appeal."). On November 7, 2017, the circuit court entered an order awarding E & D "attorney fees in the amount of $32,476.50 and $1,591.21 for costs" in addition to its damages award of $40,409.85. Because the trial court's combined awards of damages and attorney fees to E & D exceeds $50,000, we subsequently transferred the appeal to the supreme court. See § 12-3-10, Ala. Code 1975 ("The Court of Civil Appeals shall have exclusive appellate jurisdiction of all civil cases where the amount involved, exclusive of interest and costs, does not exceed $50,000 ...."); and Ex parte Habeb, 100 So.3d 1086, 1089 (Ala. Civ. App. 2012) ("Under Alabama law, costs do not include attorney fees."). The appeal was thereafter transferred to this court by our supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
Analysis
Upon further review of the record in this appeal, we conclude that a final judgment has not been entered in the underlying action.
"Although neither party has questioned the finality of the trial court's judgment in this case, jurisdictional matters, such as the question whether an appeal is supported by a final judgment, are of such importance that this court takes notice of them ex mero motu. See Wilson v. Glasheen, 801 So.2d 848 (Ala. Civ. App. 2001) ; Nunn v. Baker, 518 So.2d 711 (Ala. 1987). A final judgment is one that completely adjudicates all matters in controversy between all the parties. See McCollough v. Bell, 611 So.2d 383 (Ala. Civ. App. 1992)."
Eubanks v. McCollum, 828 So.2d 935, 937 (Ala. Civ. App. 2002). In its complaint, E & D sought to "pierce the corporate veil surrounding WGG and BBI and impose personal liability for the full amount of the [2015] judgment against Buggs" and asserted claims of "breach of contract/successor liability" against GE, fraudulent transfer against WGG and GE, constructive trust against the "[d]efendants," deceptive trade practices against the "[d]efendants," and civil conspiracy against the "[d]efendants."
We first note that, although E & D voluntarily dismissed GE from the underlying action without prejudice, some of its claims sought to establish the liability of a different defendant or the "[d]efendants" collectively, the latter of which, according *1228 to the language of the complaint, indicated that those claims were being asserted against WGG, Buggs, and BBI, in addition to GE. Thus, E & D's voluntary dismissal of GE from the underlying action fully resolved only the claim that was being asserted against GE alone, i.e., its "breach/of contract/successor liability" claim.
Second, we note that E & D moved for a summary judgment on only its "pierc[ing] the corporate veil" theory and did not address the other claims set out in its complaint. Thus, the circuit court's July 24, 2017, and November 7, 2017, orders granting E & D's motion did not address, and could not have addressed, E & D's remaining claims against WGG, Buggs, and BBI.
"In discussing the requirements of Rule 56, Ala. R. Civ. P., our supreme court has stated:
" 'Because Rule 56 requires, at the least, that the nonmoving party be provided with notice of a summary-judgment motion and be given an opportunity to present evidence in opposition to it, the trial court violates the rights of the nonmoving party if it enters a summary judgment on its own, without any motion having been filed by a party.'
" Moore v. Prudential Residential Servs. Ltd. P'ship, 849 So.2d 914, 927 (Ala. 2002) (emphasis added)."
Harris v. Thermax, Inc., 876 So.2d 472, 473-74 (Ala. Civ. App. 2003). We therefore do not view the general language set out in the circuit court's July 24, 2017, and November 7, 2017, orders granting E & D's summary-judgment motion, which sought a determination regarding only its "pierc[ing] the corporate veil" theory, as an attempt to adjudicate E & D's other claims against WGG, Buggs, and BBI.
We also note that, although the circuit court awarded E & D damages based on its "pierc[ing] the corporate veil" theory in an amount equal to the total amount that it awarded E & D in the 2015 judgment, the other claims asserted by E & D, if proven, may support additional remedies. See § 8-9A-7, Ala. Code 1975 (providing the remedies available to creditors for a claim asserted under the Alabama Fraudulent Transfer Act); Hanner v. Metro Bank & Protective Life Ins. Co., 952 So.2d 1056, 1070 (Ala. 2006) (defining "constructive trust"); § 8-19-10(a), Ala. Code 1975 (providing the remedies available to a consumer who asserts a private right of action under the Alabama Deceptive Trade Practices Act); and National States Ins. Co. v. Jones, 393 So.2d 1361, 1367-68 (Ala. 1980) (discussing damages in an action asserting, among other claims, conspiracy to defraud and to misrepresent). Thus, the circuit court's award of damages based only on E & D's "pierc[ing] the corporate veil" theory did not resolve the question whether it was entitled to the additional remedies provided by the other claims it asserted against WGG, Buggs, and BBI.
Finally, we note that neither the circuit court's July 24, 2017, order nor its November 7, 2017, order includes an express determination from the circuit court that there is no just reason for delay.
"As this court stated in Moore v. Moore, 666 So.2d 5 (Ala. Civ. App. 1995), if an order has failed to dispose of all of the parties or all of the claims, Rule 54(b), Ala. R. Civ. P., requires a two-step process on the part of the trial court to create an appealable order. There must be 'an express determination that there is no just reason for delay' and'an express direction for the entry of judgment.' Rule 54(b), Ala. R. Civ. P. See Cain v. City of Opp, 524 So.2d 984 (Ala. Civ. App. 1988)."
*1229 M.L.B. v. State ex rel. M.M., 707 So.2d 283, 283-84 (Ala. Civ. App. 1997). Thus, neither order was appealable, and WGG, Buggs, and BBI's appeal must be dismissed. Id. at 284.
APPEAL DISMISSED.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.

We recognize that the sum of $34,639 and $35,139 is actually $69,778. The $1 disparity between that sum and the total purchase price provided by the contract appears to have been caused by rounding or some other approximation.