Rel: January 6, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## OCTOBER TERM, 2022-2023

—————————————

### CL-2022-0993

—————————————

## Ex parte V.G.

## PETITION FOR WRIT OF MANDAMUS

## (In re: K.S. and A.S.

## v.

## V.G.)

## (Lee Juvenile Court, JU-18-297.02)

—————————————

### CL-2022-0994

—————————————

## Ex parte V.G.

## PETITION FOR WRIT OF MANDAMUS

**(In re: K.S. and A.S.**

**v.**

**V.G.)**

**(Lee Juvenile Court, JU-18-296.02)**

THOMPSON, Presiding Judge.

On November 5, 2018, the Lee Juvenile Court ("the juvenile court") entered judgments finding two minor children ("the children"), whose parents are J.S. ("the mother") and J.L. ("the father"), dependent. The actions in which those judgments were entered had been assigned case number JU-18-296.01 and case number JU-18-297.01 in the juvenile court. At the time of the entry of the two November 5, 2018, dependency judgments, the father was deceased. In those judgments, the juvenile court awarded custody of the children to their paternal aunt, V.G. ("the aunt"), and awarded the mother certain rights of visitation with the children.

In June 2022, K.S. and A.S. ("the maternal grandparents") filed in the juvenile court, in actions assigned case number JU-18-296.02 and case number JU-18-297.02, petitions seeking an award of "grandparent

visitation" with the children. In their petitions, the maternal grandparents alleged that the mother was incarcerated and that, although they had visited with the children since the children had been placed in the aunt's custody, the aunt had placed unreasonable restrictions on their recent attempts to visit the children.

The aunt filed in each action a motion to dismiss the maternal grandparents' petitions, arguing that the maternal grandparents had asserted claims under the Grandparent Visitation Act ("the GVA"), § 30-3-4.2, Ala. Code 1975, which allows a grandparent to seek an award of visitation with his or her grandchild under certain circumstances. In her motions to dismiss, the aunt argued that the GVA did not authorize the maternal grandparents' claims under the facts of these cases. The juvenile court conducted a hearing on the motions to dismiss.

On August 30, 2022, the juvenile court entered orders denying the aunt's motions to dismiss but continuing the matters until the mother could be served. The aunt filed these petitions for a writ of mandamus.

> "Mandamus is an extraordinary remedy. An appellate court will grant a petition for a writ of mandamus only when '(1) the petitioner has a clear legal right to the relief sought; (2) the respondent has an imperative duty to perform and has refused to do so; (3) the petitioner has no other adequate remedy; and (4) this Court's jurisdiction is properly invoked.'

3

> Ex parte Flint Constr. Co., 775 So. 2d 805, 808 (Ala. 2000) (citing Ex parte Mercury Fin. Corp., 715 So. 2d 196, 198 (Ala. 1997)). Review by mandamus is not appropriate where the petitioner has another adequate remedy, such as an appeal. Ex parte Jackson, 780 So. 2d 681 (Ala. 2000); Ex parte Inverness Constr. Co., 775 So. 2d 153 (Ala. 2000); Ex parte Walters, 646 So. 2d 154 (Ala. Civ. App. 1994)."

Ex parte Amerigas, 855 So. 2d 544, 546-47 (Ala. Civ. App. 2003).

The aunt's petitions for a writ of mandamus challenge orders denying her motions to dismiss. Initially, we note that,

> "[s]ubject to certain narrow exceptions not applicable here, we have held that, because an 'adequate remedy' exists by way of an appeal, the denial of a motion to dismiss or a motion for a summary judgment is not reviewable by petition for writ of mandamus. See Ex parte Jackson, 780 So. 2d 681, 684 (Ala. 2000) (quoting Ex parte Empire Fire & Marine Ins. Co., 720 So. 2d 893, 894 (Ala. 1998), quoting in turn Ex parte Central Bank of the South, 675 So. 2d 403 (Ala. 1996), for the general rule that '"'a writ of mandamus will not issue to review the merits of an order denying a motion for a summary judgment,'"' but noting that narrow exceptions exist, such as in cases involving governmental immunity); Ex parte Newco Mfg. Co., 481 So. 2d 867, 870 (Ala. 1985) ('In its [m]andamus petition as addressed to its motion for summary judgment based on the statute of repose contained in the Tennessee products liability act, Newco seeks "to do by mandamus that which can be done on appeal."' (quoting Ex parte South Carolina Ins. Co., 412 So. 2d 269 (Ala. 1982))); see also Ex parte Mobile County Dep't of Human Res., 815 So. 2d 527 (Ala. 2001) (issuing writ of mandamus to reverse an order denying a motion to dismiss asserting defense of immunity); Ex parte Alabama Dep't of Forensic Sciences, 709 So. 2d 455 (Ala. 1997) (permitting review by petition for a writ of mandamus in case involving immunity)."

4

Ex parte Liberty Nat'l Life Ins. Co., 825 So. 2d 758, 761-62 (Ala. 2002).

In her brief submitted in support of her petitions for a writ of mandamus, the aunt does not address which, if any, of the "narrow exceptions" to which Ex parte Liberty National Life Insurance Co., supra, refers would allow this court to review her petitions for a writ of mandamus. "[I]t is incumbent upon a party seeking mandamus review of such a ruling to explain why an ordinary postjudgment appeal would not be adequate." Ex parte Gulf Health Hosps., Inc., 321 So. 3d 629, 633 (Ala. 2020). We note that the aunt relies exclusively on Ex parte S.H., 321 So. 3d 1 (Ala. Civ. App. 2019), a case in which a paternal grandmother sought an award of visitation under the GVA with her grandchild who was in the custody of that child's maternal grandmother. The maternal grandmother in that case moved to dismiss the paternal grandmother's action, and the Jefferson Circuit Court ("the circuit court") entered an order denying the motion to dismiss and awarding the paternal grandmother a schedule of pendente lite visitation with the child. The maternal grandmother filed a petition for a writ of mandamus in which she challenged, among other things, whether the circuit court properly

awarded pendente lite visitation under the GVA. This court held the GVA did not provide a cause of action pursuant to which a grandparent could assert a claim for visitation against a nonparent custodian of a child. Ex parte S.H., 321 So. 3d at 4-5. Therefore, this court instructed "the circuit court to enter an order vacating its pendente-lite grandparent-visitation order and dismissing the paternal grandmother's action." Ex parte S.H., 321 So. 3d at 5 (emphasis added; footnote omitted).

Based on Ex parte S.H., supra, the aunt contends that the maternal grandparents lack "standing" to assert their claims seeking an award of visitation with the children. An absence of standing may be an exception that would allow review by way of a petition for a writ of mandamus. Ex parte HealthSouth Corp., 974 So. 2d 288, 292 (Ala. 2007).

The aunt, however, is incorrect that her arguments implicate an issue of standing.

> "'[O]ur courts too often have fallen into the trap of treating as an issue of 'standing' that which is merely a failure to state a cognizable cause of action or legal theory, or a failure to satisfy the injury element of a cause of action. As the authors of Federal Practice and Procedure explain:
>
>> "'"The question whether the law recognizes the cause of action stated by a plaintiff is frequently transformed into inappropriate standing terms. The [United States] Supreme

6

Court has stated succinctly that the cause-of-action question is not a question of standing."

"'13A Charles Alan Wright, Arthur K. Miller, and Edward H. Cooper, Federal Practice & Procedure § 3531 (2008) (noting, however, that the United States Supreme Court, itself, has on occasion "succumbed to the temptation to mingle these questions"). The authors go on to explain:

"'"Standing goes to the existence of sufficient adversariness to satisfy both Article III case-or-controversy requirements and prudential concerns. In determining standing, the nature of the injury asserted is relevant to determine the existence of the required personal stake and concrete adverseness .... The focus of the cause-of-action inquiry must not be confused with standing -- it does not go to the quality or extent of the plaintiff's injury, but to the nature of the right asserted."

"'13A Federal Practice & Procedure § 3531.6. ... Cf. 13B Federal Practice & Procedure § 3531.10 (discussing citizen and taxpayer standing and explaining that "a plaintiff cannot rest on a showing that a statute is invalid, but must show 'some direct injury as a result of its enforcement, and not merely that he suffers in some indefinite way in common with people generally'").'"

Ex parte Kohlberg Kravis Roberts & Co., 78 So. 3d 959, 978-79 (Ala. 2011)

(quoting Wyeth, Inc. v. Blue Cross & Blue Shield of Alabama, 42 So. 3d

1216, 1219-20 (Ala. 2010) (emphasis omitted)). See also Ex parte

MERSCORP, Inc., 141 So. 3d 984, 991-92 (Ala. 2013).

7

In these petitions, the aunt is arguing that the maternal grandparents have no cause of action to assert their claims seeking an award of visitation with the children. She relies on Ex parte S.H., 321 So. 3d at 4-5, which holds that "[t]he GVA does not create a cause of action in which a grandparent may seek visitation from a third-party custodian of his or her grandchild." (Emphasis added.) We make no determination with regard to the aunt's argument. Instead, we conclude that Ex parte S.H., supra does not provide authority allowing this court to review the aunt's petitions. In Ex parte S.H., supra, this court did not solely consider arguments concerning the denial of a motion to dismiss. Rather, this court also reviewed the pendente-lite order granting the paternal grandmother in that case visitation with the child. In this case, there is no order granting pendente-lite visitation; the aunt is challenging orders that simply deny her motions to dismiss and continue the matters. We hold that because the aunt has an adequate remedy by appeal, her petitions for a writ of mandamus are to be denied. Ex parte Kohlberg Kravis Roberts & Co., supra.

CL-2022-0993 -- PETITION DENIED.

CL-2022-0994 -- PETITION DENIED.

Moore, Edwards, Hanson, and Fridy, JJ., concur.