Empire Fire and Marine Insurance Company ("Empire") and Town and Country Autos ("Town Country") petition for a writ of mandamus directing Judge Harold Crow, of the Circuit Court of Clarke County, to grant their motion for a summary judgment in an action filed against them by Lorenzo Sanders. For the reasons discussed below, we deny the petition.
In November 1992, Sanders entered into an automobile rental contract with Town Country. As a part of that contract, Sanders purchased a "vehicle damage waiver" option, *Page 894 
whereby, for a fee, Town Country waived its right to hold Sanders liable for any damage to the vehicle caused by him or by any other authorized driver. An exception to the damage waiver became effective if the vehicle was damaged while being driven by a person whose driving ability was impaired to any degree by intoxicating liquor or by any other substance. The vehicle subsequently was damaged while being driven by James Drinkard, who was listed on the rental contract as an authorized driver. The police report regarding the one-vehicle accident indicated that Drinkard was under the influence of alcohol at the time of the accident.
Empire provided automobile collision insurance coverage to Town Country, and it paid Town Country for the damage to the automobile Sanders had rented. In 1993, Town Country and Empire, as Town Country's subrogee, [1] filed in the Clarke Circuit Court a complaint against Sanders[2] to recover the amount Empire had paid to Town Country and the deductible Town Country had paid under the policy. Sanders did not answer the complaint, and the trial court entered a default judgment against him. Sanders later filed a bankruptcy petition, and in his bankruptcy plan he included the amount of the judgment as a debt.
In 1995, Sanders filed in Mobile County the present action against Empire and Town Country.[3] His complaint contains counts arising from his automobile rental agreement and the damage waiver option with Town Country and arising from the complaint filed against him by Empire and Town Country — those counts allege breach of contract, bad faith failure to pay an insurance claim, fraud, misrepresentation, and abuse of process. Empire and Town Country responded by filing a motion to dismiss in which they contended, among other things, that venue was improper in Mobile County and that the complaint was due to be dismissed as a matter of law because, they argued, Sanders's claims were compulsory counterclaims that should have been raised in their 1993 action against him. The Mobile County circuit judge denied that motion; however, in response to a "motion to reconsider" filed by Empire and Town Country, the judge later transferred the case to Clarke County. After the case was transferred, Empire and Town Country moved for a summary judgment, arguing that they were entitled to a judgment because, they claimed, as a matter of law Sanders's claims against them should have been brought as compulsory counterclaims in their 1993 action against him. Judge Crow denied their summary judgment motion on August 25, 1997. On January 26, 1998, Empire and Town Country filed this mandamus petition.
A writ of mandamus is an extraordinary remedy, and it will be "issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte United Serv. Stations,Inc., 628 So.2d 501, 503 (Ala. 1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts Serv. Co.,590 So.2d 252 (Ala. 1991). It is well settled that "a writ of mandamus will not issue to review the merits of an order denying a motion for a summary judgment." Ex parte Central Bank ofthe South, 675 So.2d 403, 406 (Ala. 1996). *Page 895 
The petitioners, acting pursuant to Rule 5, Ala. R.App. P., could have filed a timely petition for permission to appeal from the interlocutory order denying the summary judgment. Exparte State Farm Gen. Ins. Co., 549 So.2d 484 (Ala. 1989). They did not petition for an appeal by permission. When a final judgment is entered, Empire and Town Country will have available an adequate remedy by appeal, if that final judgment is adverse to them. Ex parte Drill Parts,590 So.2d at 254.
Because mandamus is not the appropriate means of review in this case, the petition is denied. We note, however, that our denial of the petition is not to be taken as any indication, one way or another, of our opinion as to the merits of the summary judgment motion.
PETITION DENIED.
HOOPER, C.J., and MADDOX, ALMON, SHORES, HOUSTON, KENNEDY, COOK, and SEE, JJ., concur.
[1] In that 1993 action, the complaint named the plaintiffs as "Empire Fire and Marine Insurance Company, a Corporation, as Subrogee of Town Country Rentals, and Town Country Rentals."
[2] Drinkard also was named as a defendant in that action; however, he was not a party to the subsequent action out of which this mandamus petition arises and he is not a party in this mandamus proceeding.
[3] Sanders's complaint in the 1995 action named the defendants as "Empire Fire Marine Ins. Co., Inc., a corporation, and Town Country Autos." Apparently "Town Country Rentals" is the same entity as "Town Country Autos"; Sanders does not argue otherwise. The materials before this Court do not indicate the nature of that defendant — whether it is a corporation, a partnership, or a trade name used by an individual. Sanders's complaint also named several fictitious defendants.