14 So.3d 158 (2009)
Ex parte Laura WILSON.
(In re Madison County Board of Education
v.
Laura Wilson).
1071683.
Supreme Court of Alabama.
January 16, 2009.
Annary A. Cheatham of Cheatham & Associates, PLLC, Huntsville; Robert C. Lockwood of Wilmer & Lee, P.A., Huntsville; and Sam Heldman of The Gardner Firm, Washington, D.C., for petitioner.
Submitted on petitioner's brief only.
Prior report: Ala.Civ.App., 14 So.3d 157.
PER CURIAM.
WRIT DENIED. NO OPINION.
SEE, LYONS, WOODALL, STUART, BOLIN, and PARKER, JJ., concur.
SMITH, J., concurs specially.
COBB, C.J., and MURDOCK, J., dissent.
SMITH, Justice (concurring specially).
I concur to deny the petition. The underlying facts of this case are explained in the earlier decision of the Court of Civil Appeals, Madison County Board of Education v. Wilson, 984 So.2d 1153 (Ala.Civ. App.2006), and this Court's opinion affirming *159 that court's judgment, Ex parte Wilson, 984 So.2d 1161 (Ala.2007). The current procedural posture of this case is explained in part in Chief Justice Cobb's dissent.
Chief Justice Cobb, in her dissenting opinion, asserts that the petitioner, Laura Wilson, "has sought redress in every reasonable manner in seeking an answer to the question whether a new hearing officer is required on remand." 14 So.3d at 160. However, instead of filing a "motion for clarification," Wilson could have sought mandamus relief directing that a hearing be commenced before the original hearing officer after the Madison County Board of Education refused to proceed if the matter was not heard before a new hearing officer.
Additionally, the Court of Civil Appeals' most recent action in this case merely withdraws an order that placed the case on rehearing ex mero motu. It is unclear how this Court could review such a decision on certiorari review. In any event, the Court of Civil Appeals' prior decision in this case, which this Court affirmed, remanded the case "for the parties to conduct another hearing consistent with the provisions of the Teacher Tenure Act." Madison County Bd. of Educ., 984 So.2d at 1160. The parties have not yet conducted such a hearing. I see no reason why our denial of this petition will prevent the fulfillment of that remand order. Therefore, I concur to deny the petition.
COBB, Chief Justice (dissenting).
Laura Wilson had the misfortune of being one of the first teachers whose termination under the Teacher Tenure Act, § 16-24-1 et seq., Ala.Code 1975, was scrutinized by the appellate courts of Alabama since the Teacher Tenure Act was drastically amended by the legislature in 2004. See Act No. 566, Ala. Acts 2004. In April 2005, the Madison County Board of Education ("the Board") terminated Wilson's employment as a tenured physical-education teacher at Buckhorn High School. Pursuant to § 16-24-10 Wilson appealed her termination, and after receiving ore tenus and documentary evidence, the hearing officer ordered that Wilson be returned to her teaching position and that no discipline be imposed.[1] The Board appealed to the Court of Civil Appeals pursuant to § 16-24-10(b), Ala.Code 1975, and Court of Civil Appeals "reverse[d] the hearing officer's decision and remand[ed] the cause for the parties to conduct another hearing consistent with the provisions of the Teacher Tenure Act." Madison County Bd. of Educ. v. Wilson, 984 So.2d 1153, 1160 (Ala.Civ.App.2006). Wilson then petitioned this Court for a writ of certiorari. Wilson's petition was granted, and this Court affirmed the judgment of the Court of Civil Appeals. See Ex parte Wilson, 984 So.2d 1161 (Ala.2007). I dissented from this Court's judgment in that matter, and I dissent now.
This case, unfortunately, has become a procedural quagmire. In affirming the judgment of the Court of Civil Appeals, this Court stated: "The new hearing shall be conducted pursuant to the provisions of the new [Teacher Tenure] Act[, § 16-24-1 et seq.]." Ex parte Wilson, 984 So.2d at 1171. Wilson did not sleep on her rights. She attempted to secure the new hearing that this Court ordered. Upon receipt of this Court's judgment, the hearing officer contacted Wilson and the Board and suggested dates for a new hearing. The *160 Board, however, notified Wilson that, because the matter had been remanded for a new hearing pursuant to the provisions of the Teacher Tenure Act, it was arguing that a new hearing officer must be selected for the new hearing. The Board premised its contention on § 16-24-10(a), Ala.Code 1975, which states that "the hearing officer shall be selected as provided in subsection (b) of Section 16-24-20." Wilson disagreed and asserted that the matter had been remanded to be heard by the original hearing officer. Because Wilson refused to consent to a new hearing officer, the Board deemed that she had waived her rights to a new hearing and ceased paying her salary. Wilson appealed to the chief administrative law judge of the office of administrative hearings in the office of the Alabama Attorney General pursuant to § 16-24-21, Ala.Code 1975. The administrative law judge determined that he lacked jurisdiction over the dispute and dismissed Wilson's appeal. On March 25, 2008, Wilson filed a motion for clarification with the Court of Civil Appeals, asking that court to clarify whether a new hearing officer is required on remand. The Court of Civil Appeals placed the case on rehearing ex mero motu on April 22, 2008; however, on August 29, 2008, that court withdrew its order. Wilson now petitions this Court to issue a writ of certiorari to the Court of Civil Appeals or, in the alternative, for a writ of mandamus.
The language used by the Court of Civil Appeals in originally remanding the case and by this Court in affirming the judgment of the Court of Civil Appeals doing so could have led to two reasonable interpretations: the new hearing was to be held before the original hearing officer or the new hearing was to be held before a new hearing officer. It was the responsibility of the Court of Civil Appeals to clarify its remand order, even though the posture of this case was complicated, to say the least. This posture, however, was not created by the parties but instead by the Court of Civil Appeals and this Court.
Consequently, I agree wholeheartedly with Judge Bryan in his writing dissenting from the Court of Civil Appeals' withdrawal of its order placing this case on rehearing ex mero motu. I, too, believe that the Court of Civil Appeals erred when it failed to retain this matter on rehearing ex mero motu to respond to Wilson's motion for clarification. As Judge Bryan stated:
"`The cardinal rule in statutory construction is to give effect to the legislative intent as clearly expressed in the statute or as may be inferred from the language used as well as from the reason for the act.' Ex parte Berryhill, 801 So.2d 7, 11 (Ala.2001) (emphasis omitted). I note that the legislature, in amending the [Teacher Tenure] Act in 2004, intended `to streamline the contest and appeal processes for teachers.' Title to Act No. 2004-566, Ala. Acts 2004. Remanding the case for a new hearing before the original hearing officer would be consistent with this intention and would be judicially efficient, whereas holding a hearing before a new hearing officer unfamiliar with the case would undermine this intention. Further, § 16-24-10(b) permits this court to remand the case for `another hearing,' but that section does not mention `another hearing officer.' Accordingly, I interpret that portion of the Act calling for `another hearing' as requiring remand to the original hearing officer for a new hearing.
"Because I would place the appeal on rehearing ex mero motu in order to clarify this court's intention that the original officer should conduct the hearing on remand, I respectfully dissent."
*161 Madison County Bd. of Educ. v. Wilson, 14 So.3d 157 (Ala.Civ.App.2008) (Bryan, J., dissenting).
Wilson has sought redress in every reasonable manner in seeking an answer to the question whether a new hearing officer is required on remand, and I believe she and the Board are entitled to an answer.
I agree with Justice Smith that the parties have not conducted the "`hearing consistent with the provisions of the Teacher Tenure Act'" on remand as ordered by the Court of Civil Appeals. 14 So.3d at 157 (Smith, J., concurring specially). This is a hearing to which Wilson is entitled, and that right should not be thwarted by the Board's alternative interpretation of our judgment and the judgment of the Court of Civil Appeals. I believe that Wilson should demand a hearing before the original hearing officer. Should the hearing officer refuse to conduct such a hearing, she should petition the Court of Civil Appeals for a writ of mandamus. If, however, the original hearing officer schedules the hearing and the Board is still of the opinion that a new hearing officer is required, the Board then may petition the Court of Civil Appeals for a writ of mandamus. In either situation, the issue would be squarely before the appellate courts.
However, I remain convinced that the Court of Civil Appeals should have provided the relief Wilson sought. Therefore, I respectfully dissent.
MURDOCK, Justice (dissenting).
I agree in the main with the dissenting opinion of Chief Justice Cobb. She and Justice Smith disagree, however, over whether, before coming to this Court, Wilson "sought redress in every reasonable manner," 14 So.3d at 161 (Cobb, C.J., dissenting), in an effort to determine whether a new hearing officer was required on remand. Under the unusual procedural history of this caseand what may be considered a novel and unexpected position on the part of the Madison County Board of Education ("the Board") in relation to a new legislative enactmentI believe Wilson has done enough.
Although Wilson did not file an application for rehearing seeking clarification of the mandate of this Court's 2007 decision, I do not fault her for this. Any ambiguity in what appeared to be routine remand language in this Court's judgment was latent, at best. (It appears that routine language was used both by this Court and by the Court of Civil Appeals without any thought as to the issue now presented.) It is true that, when the dispute arose between Wilson and the Board as to whether the remand in this case required the parties to begin anew the process of selecting a hearing officer for Wilson's case, Wilson did not file a petition for a writ of mandamus with either the Court of Civil Appeals or this Court. Instead, because this case had been remanded for handling by the hearing officer, Wilson sought a resolution of this dispute from the chief administrative law judge of the office of administrative hearings in the office of the Alabama Attorney General. When that effort did not produce a resolution, she promptly filed a motion for clarification with the Court of Civil Appeals, asking it to clarify whether a new hearing officer was required on remand. When that court refused to do so, she then filed a petition for an extraordinary writ with this Court.
An injustice may be occurring merely because of uncertainty and disagreement by the parties as to what it means for a case to be remanded under the new teacher-tenure law. The teacher's taking a different view from the Board, and declining *162 to submit her case to a new hearing officer, has now resulted in her being fired.[2]
Under the unusual circumstances presented, I am not persuaded that we should not treat Wilson's petition to this court as a timely request for a writ of mandamus, a common-law writ of certiorari, or other extraordinary relief, bearing in mind our general superintendence powers, see, e.g., Ex parte Bracken, 263 Ala. 402, 406, 82 So.2d 629, 631 (1955), and authority to interpret and protect our mandates.
NOTES
[1] The Board terminated its contract with Wilson pursuant to which she also served as the cheerleading coach at Buckhorn High School. Wilson conceded that she possessed no right to contest the cancellation of that contract.
[2] As a preliminary observation as to the merits of the issue presented: If we construe the new teacher-tenure law as requiring the selection of a new hearing officer, will we not be forcing new evidentiary hearings in all remanded cases and foreclosing the option of having the original "judge" simply apply the correct law to the evidence with which he or she is already familiar? The latter course obviously is the nature of most remands to "trial court" "judges." I question the Board's reliance on § 16-24-10(a), Ala.Code 1975, which merely describes the general manner of selecting a hearing officer. Procedures, if not statutes, also are in place for the assignment of cases among the trial judges of any given circuit. That does not mean that when an appellate court remands a case for application of its legal holding to the evidence of record that those procedures are re-implemented as if the case were reaching the trial court for the first time.