PER CURIAM.
Laura Wilson petitions this court for a writ of mandamus in this case concerning the application of the Teacher Tenure Act, § 16-24-1 et seq., Ala.Code 1975.
In April 2005, the Madison County Board of Education (“the Board”) terminated the employment of Wilson, a tenured teacher employed by the Board. Wilson contested her dismissal pursuant to § 16-24-9, Ala.Code 1975, and a hearing officer was selected to hear her case, pursuant to § 16-24-10(a), Ala.Code 1975. Following a hearing, the hearing officer issued a decision reinstating Wilson’s employment. The Board filed a notice of appeal to this court, and we granted the appeal, pursuant to § 16-24-10(b), Ala.Code 1975.[1] On appeal, this court concluded that the hearing officer had failed to properly apply the Teacher Tenure Act. Madison County Bd. of Educ. v. Wilson, 984 So.2d 1153 (Ala.Civ.App.2006) (“Wilson I ”). Accordingly, we reversed the hearing officer’s decision and “remand[ed] the cause for the parties to conduct another hearing consistent with the provisions of the Teacher Tenure Act.” Id. at 1160. In November 2007, our supreme court affirmed this court’s decision on certiorari review. Ex parte Wilson, 984 So.2d 1161 (Ala.2007) (‘Wilson II”).
A dispute arose between Wilson and the Board regarding whether the hearing officer who had originally conducted Wilson’s hearing in 2005 should conduct Wilson’s hearing on remand. Wilson contended that the original hearing officer should conduct the hearing on remand. The Board, however, contended that a new hearing officer should hold the hearing. Upon receiving the supreme court’s judgment in Wilson II, the original hearing officer contacted Wilson and the Board and recommended dates for a new hearing. However, because the parties could not agree on who should conduct the hearing, no hearing was held. On December 13, 2007, the Board sent a letter to Wilson stating that her dismissal had become “final.” In that letter, the Board cited Wilson’s failure to “participate in the selection process for a new hearing officer in [her] ... case.”
On December 27, 2007, Wilson filed a “notice of direct appeal” with the chief administrative law judge (“the chief ALJ”) of the office of administrative hearings in the office of the Alabama Attorney General. Wilson filed her notice of appeal purportedly under § 16-24-21(a), Ala.Code 1975, which provides: “A teacher who has attained continuing service status and has *337 been denied a hearing before the local board of education as required by Section ... 16-24-9[, which concerns the cancellation of teacher contracts,] ... shall have the right to appeal to the [chief ALJ].... ” By appealing to the chief ALJ, Wilson sought an order directing that her case on remand from Wilson I be heard by the original hearing officer. On March 11, 2008, the chief ALJ dismissed Wilson’s appeal. In that dismissal, the chief ALJ stated that, under § 16-24-21(a), the office of administrative hearings did not have jurisdiction over Wilson’s appeal because Wilson had been granted a hearing before the Board in 2005. See Wilson I, 984 So.2d at 1155. The chief ALJ also stated that, in his opinion, the original hearing officer should hear Wilson’s ease on remand; however, the chief ALJ concluded that he lacked jurisdiction to make that determination.
On March 26, 2008, Wilson filed with this court a “Motion for Clarification of Order.” In that motion, Wilson asked this court to clarify its decision in Wilson I to indicate whether, on remand, the original hearing officer should conduct the hearing or whether a new hearing officer should conduct the hearing. On April 22, 2008, this court, ex mero motu, issued an order placing the appeal in Wilson I on rehearing in order to consider Wilson’s motion. However, on August 29, 2008, this court, with Judge Bryan filing a dissenting opinion, withdrew its order of April 22, 2008. Madison County Bd. of Educ. v. Wilson, 14 So.3d 157 (Ala.Civ.App.2008) (“Wilson III”). Wilson subsequently filed a petition for a writ of certiorari with the supreme court. On January 19, 2009, the supreme court denied the petition without opinion, with Justice Smith filing an opinion concurring specially and Chief Justice Cobb and Justice Murdock filing dissenting opinions. Ex parte Wilson, 14 So.3d 158 (Ala.2009) (“Wilson IV”).
Following Wilson IV, Wilson, still seeking a hearing pursuant to this court’s remand in Wilson I, attempted to have the original hearing officer conduct a hearing. According to both parties, the original hearing officer issued a letter on February 16, 2009, indicating that he would hold a hearing on Wilson’s case on June 17, 2009. The Board contends that it did not receive notice of the February 17, 2009, letter until May 20, 2009, when it received from Wilson a list of anticipated witnesses and exhibits concerning the scheduled hearing.[2] Evidently, the hearing scheduled by the original hearing officer to be held on June 17, 2009, was not held. On June 8, 2009, Wilson petitioned this court for a writ of mandamus directing that the original hearing officer hold Wilson’s hearing and that she be awarded backpay.
“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate, and it cannot be used as a substitute for appeal. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991).”
Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998).
*338 In Wilson I, this court reversed the original hearing officer’s decision and remanded the case with instructions that another hearing be held. 984 So.2d at 1160. In affirming this court’s judgment, the supreme court stated that “[t]he new hearing shall be conducted pursuant to the provisions of the new [Teacher Tenure] Act.” 984 So.2d at 1171. Wilson argues that the original hearing officer should conduct the hearing on remand. We agree.
The Teacher Tenure Act specifies the procedure for selecting a hearing officer immediately following a teacher’s filing of a contest challenging that teacher’s dismissal. Section 16-24-10(a), Ala.Code 1975, provides, in pertinent part: “If notice of contest is filed pursuant to Section 16-24-9[, which concerns the cancellation of teacher contracts,] the hearing officer shall be selected as provided in subsection (b) of Section 16-24-20.” Section 16-24-20(b), Ala.Code 1975, provides, in pertinent part:
“If a teacher should timely file a contest from a decision as provided in this article, the employing board and the teacher shall, within seven days of such filing, either (1) mutually agree upon a person to hear the teacher’s contest, or (2) submit a joint request for a panel of arbitrators to the Federal Mediation and Conciliation Services’ Office of Arbitration Services (FMCS).”
Section 16-24-10(b) addresses the procedure involved when this court reverses a hearing officer’s decision: “The decision of the hearing officer shall be affirmed on appeal unless the Court of Civil Appeals finds the decision arbitrary and capricious, in which case the court may order that the parties conduct another hearing consistent with the procedures of this article.” Thus, when a hearing officer’s decision is reversed and the case is remanded for “another hearing,” the Teacher Tenure Act does not explicitly state whether that hearing should be held before the original hearing officer or before a new hearing officer. We now construe § 16-24-10(b) as directing remand to the original hearing officer when remand is necessary. “The cardinal rule in statutory construction is to give effect to the legislative intent as clearly expressed in the statute or as may be inferred from the language used as well as from the reason for the act.” Ex parte Berryhill, 801 So.2d 7, 11 (Ala.2001) (emphasis omitted). The legislature, in amending the Teacher Tenure Act in 2004, intended “to streamline the contest and appeal processes for teachers.” Title to Act No. 2004-566, Ala. Acts 2004. Remanding the case for a new hearing before the original hearing officer is consistent with this intention and would be judicially efficient, whereas holding a hearing before a new hearing officer unfamiliar with the case would undermine this intention.
If we were to construe the Teacher Tenure Act as requiring the selection of a new hearing officer in all remanded cases, that construction would seemingly require new evidentiary hearings to be held. Such a procedure would preclude the original hearing officer, in applicable cases, from merely applying the correct law to the facts with which that hearing officer is familiar. The more efficient and reasonable course is to simply remand the case to the original hearing officer. Moreover, remanding the case to the original hearing officer reflects the procedure typically used when a circuit court’s judgment is reversed and the case is remanded to that circuit court. In those situations, the trial judge who originally presided over the case typically presides over the case on remand, as a matter of course.
This court’s decision in Bishop State Community College v. Williams, 4 So.3d *339 1152 (Ala.Civ.App.2008), supports our decision in this case. Bishop State involved an appeal of a hearing officer’s decision under the Fair Dismissal Act, § 86-26-100 et seq., Ala.Code 1975. Section 36-26-104(b), Ala.Code 1975, governs appeals to this court under the Fair Dismissal Act. That section provides, in pertinent part: “The decision of the hearing officer shall be affirmed on appeal unless the Court of Civil Appeals finds the decision arbitrary and capricious, in which case the court may order that the parties conduct another hearing consistent with the procedures of this article.” This language is the same as the language found in § 16—24—10(b) governing the present case. In Bishop State, this court “reversefd] the hearing officer’s decision and remand[ed] the cause to the original hearing officer.” 4 So.3d at 1162 (emphasis added).
Although the original hearing officer in this case had the duty to hold a hearing on remand, a writ of mandamus directing the original hearing officer to hold the hearing would not be appropriate absent a showing that he refused to perform this duty. Ex parte Empire Fire & Marine, 720 So.2d at 894. As noted, the original hearing officer scheduled a hearing for June 17, 2009. On June 8, 2009, before the hearing was scheduled to be held, Wilson filed her petition for a writ of mandamus in this court. The materials before this court do not indicate, and Wilson does not assert, that the original hearing officer has refused to conduct a hearing. Accordingly, at this point in the proceedings and based on the materials before us, we cannot issue a writ of mandamus compelling the original hearing officer to conduct a hearing in Wilson’s case. Id. Therefore, we deny the petition for a writ of mandamus.
PETITION DENIED. 
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.
THOMPSON, P.J., concurs in the result only, with writing.

. Section 16 — 24— 10(b) provides, in part, that "[r]eview [of the decision of the hearing officer] by the Court of Civil Appeals pursuant to this article is not a matter of right, but of judicial discretion, and an appeal may be granted only when the court determines there are special and important reasons for granting the appeal.”

. The Board attributes the delay in receiving notice of the February 17, 2009, letter to that letter’s listing an incorrect address for the Board’s attorney.