THOMPSON, Presiding Judge,
concurring in the result only.
I conclude that Laura Wilson’s petition for a writ of mandamus was not timely filed. The petition for a writ of mandamus seeks essentially the same relief Wilson sought in her March 26, 2008, “motion for clarification,” which this court ultimately denied by order dated September 4, 2008. See Madison County Bd. of Educ. v. Wilson, 14 So.3d 157 (Ala.Civ.App.2008) (“Wilson III ”). Our supreme court denied Wilson’s petition for writ of certiorari with regard to this court’s ruling in Wilson III. Ex parte Wilson, 14 So.3d 158 (Ala.2009) (“Wilson IV”).
When, after remand, the dispute arose between the parties concerning whether a new hearing officer should be appointed, Wilson did not take an adversarial litigation position in opposition to the position taken by the Madison County Board of Education (“the Board”). Rather, Wilson filed a “motion for clarification” in this court, seeking advice from the appellate courts as to how to proceed. In this petition, Wilson seeks to compel the Board to take part in a hearing before the original hearing officer; she could have sought this relief in 2007 by filing a timely petition for a writ of mandamus shortly after the release of this court’s opinion in Madison County Board of Education v. Wilson, 984 *340 So.2d 1153 (Ala.Civ.App.2006), and our supreme court’s opinion in Ex parte Wilson, 984 So.2d 1161 (Ala.2007). As Justice Smith stated in her special concurrence in Wilson IV, supra:
“Chief Justice Cobb, in her dissenting opinion, asserts that the petitioner, Laura Wilson, ‘has sought redress in every reasonable manner in seeking an answer to the question whether a new hearing officer is required on remand.’ 14 So.3d at 160. However, instead of filing a ‘motion for clarification,’ Wilson could have sought mandamus relief directing that a hearing be commenced before the original hearing officer after the Madison County Board of Education refused to proceed if the matter was not heard before a new hearing officer.”
14 So.3d at 159 (Smith, J., concurring specially).
I conclude that Wilson did not file this petition for a writ of mandamus within a reasonable time and, therefore, that she failed to properly invoke the jurisdiction of this court. Ex parte Troutman Sanders, LLP, 866 So.2d 547, 550 (Ala.2003). Accordingly, for that reason, I concur in the result.