BRYAN, Justice.
Clay Merches petitions this Court for a writ of mandamus directing the trial court to dismiss, for lack of personal jurisdiction, the claims against him. We grant the petition and issue the writ.

Procedural History and Factual Baclcground

In September 2011, Cora Brantley, Emanuel Brantley, and Sharon Brantley (collectively “the plaintiffs”) sued Builders Transportation Company, LLC (“Builders Transportation”), and Dwight Bassett, an employee of Builders Transportation, in the Hale Circuit Court.[1] The case concerns a missing flatbed trailer owned by Builders Transportation, a Tennessee company. The plaintiffs are Alabama residents. The complaint alleged that the parties had entered into a contract in which Builders Transportation and Bassett had agreed to pay the plaintiffs $10,000 in return for information about the location of the missing trailer. The plaintiffs further alleged that Builders Transportation and Bassett had breached that contract by failing to pay the plaintiffs $10,000 for the information given about the trailer, which was located in a field in Hale County. Instead of receiving $10,000, the plaintiffs were arrested in Hale County and charged with receiving stolen property and conspiracy to commit theft of property. Those charges were later dismissed. Regarding the dismissed charges, the complaint also alleged claims of malicious prosecution and abuse of process.
In July 2012, the plaintiffs amended their complaint to add Merches, an employee of Builders Transportation, as a defendant. The claims and factual allegations made against Merches in the amended complaint are the same as those made against Builders Transportation and Bas-sett. Merches filed a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss the claims against him for lack of personal jurisdiction. In his motion to dismiss, Merches argued that he lacked the required minimum contacts with Alabama sufficient to give the trial court personal jurisdiction over him. In support of his motion, Merches attached his own affidavit, in which he stated, in pertinent part: [1]
“2. On October 20, 2009, I was an employee for Builders Transportation ... and was a resident of Memphis, Tennessee at that time.
“3. On the same day, Plaintiffs placed a telephone call to Builders Transportation which I answered. The telephone call was regarding the whereabouts of a trailer belonging to Builders Transportation. Specifically, Plaintiffs *1077 stated that they had knowledge of the location of the trailer and if the company would pay $10,000.00 they would agree to divulge the location of the trailer.
“4. After the telephone conversation ended, I called one of my supervisors, Dwight Bassett, and relayed the information to him. I also spoke with officers of the Tuscaloosa Police Department and Deputy Sheriff Robert Clayton of the Hale County Sheriffs Office regarding the situation. After speaking with Mr. Bassett, the police, and Deputy Clayton, I again spoke with Plaintiffs regarding the subject trailer. All of the mentioned telephone conversations were conducted from Memphis, Tennessee.
“5. During my two telephone conversations with [the] Plaintiff[s], I never knowingly or willingly entered into a valid contract with regard to the recovery of the subject trailer.
“6. I have never lived or worked in the state of Alabama and I never initiated any communication with Plaintiffs prior to the subject telephone conversation. The only connection I have with this case or the state of Alabama is answering the subject telephone call and discussing the situation via telephone with the Tuscaloosa Police Department, Deputy Robert Clayton of the Hale County Sheriffs Office, and a subsequent telephone call to Plaintiffs.
“7. Since October 20, 2009, I have obtained new employment and now reside in the state of Minnesota.”
The plaintiffs filed a response to the motion to dismiss, arguing that the trial court has personal jurisdiction over Merch-es. The plaintiffs attached to their response an incident report, prepared by the Hale County Sheriffs Office, documenting the recovery in Hale County of the trailer belonging to Builders Transportation. According to the incident report, the incident was reported by Bassett, Merches’s supervisor. The incident report lists Builders Transportation as the “victim” and lists Cora Brantley and Sharon Brantley, two of the plaintiffs in this case, as “suspects.” In pertinent part, the incident report contains the following description regarding the recovery of the trailer:
“Victim states that on 10-23-09 ... Merches received a phone call from Cora Brantley asking if there was a reward for the stolen trailer[. Merches] said he would give her $1,000 if she would tell him where the trailer was[, but] Cora told him no. She said she would tell him [the location of the trailer] if he gave her $10,000. [Merches] agreed to give her the $10,000 so that Deputy Robert Clayton could catch Cora. [Later that day,] Sharon Brantley met Deputy Clayton at the Sawyerville Convenience Store. [Builders Transportation] sent a ... driver down[. The driver] followed Sharon, and Deputy Clayton followed the ... driver to an abandoned field where the trailer was found[, but] a quarter of the load was missing. Cora Brantley showed up shortly after Sharon told her she was going to be arrested. Both Sharon and Cora Brantley where then placed under arrest and taken to the Hale County Jail.”
On April 9, 2013, the trial court denied Merches’s motion to dismiss. Merches subsequently filed another motion, again asking the trial court to dismiss the claims against him for lack of personal jurisdiction. Although Merches called that motion a Rule 59, Ala. R. Civ. P., motion to alter, amend, or vacate the denial of his Rule 12(b)(2) motion, a Rule 59 motion may be made only in reference to a final judgment. See Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala.2003). Because *1078 the denial of the Rule 12(b)(2) motion was not a final judgment, Merches’s purported Rule 59 motion in reference to that denial was simply a second motion seeking dismissal. The trial court denied the second motion seeking dismissal also. On May 21, 2013, Merches filed a petition for a writ of mandamus to this Court.

Standard of Review

A petition for a writ of mandamus is the proper vehicle by which to challenge the denial of a motion to dismiss for lack of personal jurisdiction. Ex parte Dill, Dill, Carr, Stonbraker & Hutchings, P.C., 866 So.2d 519, 525 (Ala.2003). “An appellate court considers de novo a trial court’s judgment on a party’s motion to dismiss for lack of personal jurisdiction.” Elliott v. Van Kleef, 830 So.2d 726, 729 (Ala.2002). However, “an appellate court must give deferential consideration to any findings of fact made by a trial court based on evidence received ore tenus in connection with a determination as to the nature and extent of a foreign defendant’s contacts with the forum state.” Ex parte American Timber & Steel Co., 102 So.3d 347, 353 n. 7 (Ala.2011).
“A writ of mandamus is an extraordinary remedy, and it will be ‘issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.’ Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993).”
Ex parte Empire Fire & Marine Ins. Co., 720 So.2d 893, 894 (Ala.1998).

Discussion

The extent of an Alabama court’s personal jurisdiction over an out-of-state defendant is governed by Rule 4.2(b), Ala. R. Civ. P. Rule 4.2(b), as amended in 2004, provides:
“(b) Basis for Out-of-State Service. An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States....”
In Hiller Investments, Inc. v. Insultech Group, Inc., 957 So.2d 1111, 1115 (Ala.2006), this Court explained:
“[Rule 4.2(b) ] extends the personal jurisdiction of Alabama courts to the limit of due process under the United States and Alabama Constitutions. When applying Rule 4.2(b), this Court has interpreted the due process guaranteed under the Alabama Constitution as coextensive with that guaranteed under the United States Constitution.”
“The plaintiff has the burden of proving that the trial court has personal jurisdiction over the defendant.” J.C. Duke & Assocs. Gen. Contractors, Inc. v. West, 991 So.2d 194, 196 (Ala.2008).
“ ‘ “ ‘In considering a Rule 12(b)(2), Ala. R. Civ. P., motion to dismiss for want of personal jurisdiction, a court must consider as true the allegations of the plaintiff’s complaint not controverted by the defendant’s affidavits, Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253 (11th Cir.1996), and Cable/Home Communication Coyp. v. Network Productions, Inc., 902 F.2d 829 (11th Cir.1990), and “where the plaintiffs complaint and the defendant’s affidavits conflict, the ... court must construe all reasonable inferences in favor of the plaintiff.” *1079 Robinson, 74 F.3d at 255 (quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir.1990)).’ ”
“‘Wenger Tree Serv. v. Royal Truck & Equip., Inc., 853 So.2d 888, 894 (Ala.2002) (quoting Ex parte McInnis, 820 So.2d 795, 798 (Ala.2001)). However, if the defendant makes a prima facie evidentiary showing that the Court has no personal jurisdiction, “the plaintiff is then required to substantiate the jurisdictional allegations in the complaint by affidavits or other competent proof, and he may not merely reiterate the factual allegations in the complaint.” Mercantile Capital, LP v. Federal Transtel, Inc., 193 F.Supp.2d 1243, 1247 (N.D.Ala.2002) (citing Future Tech. Today, Inc. v. OSF Healthcare Sys., 218 F.3d 1247, 1249 (11th Cir.2000)). See also Hansen v. Neumueller GmbH, 163 F.R.D. 471, 474-75 (D.Del.1995) (“When a defendant files a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2), and supports that motion with affidavits, plaintiff is required to controvert those affidavits with his own affidavits or other competent evidence in order to survive the motion.”) (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir.1984)).’
“Ex parte Covington Pike Dodge, Inc., 904 So.2d 226, 229-30 (Ala.2004).”
Ex parte Bufkin, 936 So.2d 1042, 1045 (Ala.2006).
“ ‘Two types of contacts can form a basis for personal jurisdiction: general contacts and specific contacts. General contacts, which give rise to general personal jurisdiction, consist of the defendant’s contacts with the forum state that are unrelated to the cause of action and that are both “continuous and systematic.” Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n. 9, 415, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984); [citations omitted]. Specific contacts, which give rise to specific jurisdiction, consist of the defendant’s contacts with the forum state that are related to the cause of action. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472-75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Although the related contacts need not be continuous and systematic, they must rise to such a level as to cause the defendant to anticipate being haled into court in the forum state. Id.’
“Ex parte Phase III Constr., Inc., 723 So.2d 1263, 1266 (Ala.1998) (Lyons, J., concurring in the result). Furthermore, this Court has held that, for specific in personam jurisdiction, there must exist ‘a clear, firm nexus between the acts of the defendant and the consequences complained of.’ Duke v. Young, 496 So.2d 37, 39 (Ala.1986). See also Ex parte Kamilewicz, 700 So.2d 340, 345 n. 2 (Ala.1997).”
Elliott, 830 So.2d at 730.
In this case, the plaintiffs concede that the trial court does not have general personal jurisdiction over Merches. The issue is whether Merches has sufficient minimum contacts with Alabama to allow the trial court to exercise specific personal jurisdiction over him. Regarding specific jurisdiction, the United States Supreme Court has explained:
“[T]he constitutional touchstone remains whether the defendant purposefully established ‘minimum contacts’ in the forum State. Although it has been argued that foreseeability of causing injury in another State should be sufficient to establish such contacts there when policy considerations so require, the Court has consistently held that this kind of foreseeability is not a ‘sufficient benchmark’ for exercising personal jurisdiction. In *1080 stead, ‘the foreseeability that is critical to due process analysis ... is that the defendant’s , conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.’ In defining when it is that a potential defendant should ‘reasonably anticipate’ out-of-state litigation, the Court frequently has drawn from the reasoning of Hanson v. Denckla, 357 U.S. 235, 253 (1958):
“ ‘The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant’s activity, but it is essential in each ease that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.’
“This ‘purposeful availment’ requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of ‘random,’- ‘fortuitous,’ or ‘attenuated’ contacts, or of the ‘unilateral activity of another party or a third person.’ Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a ‘substantial connection’ with the forum State. Thus where the defendant ‘deliberately’ has engaged in significant activities within a State, or has created ‘continuing obligations’ between himself and residents of the forum, he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by ‘the benefits and protections’ of the forum’s laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.
[[Image here]]
“Once it has been decided that a defendant purposefully established minimum contacts within the forum State, these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with ‘fair play and substantial justice.’ Thus courts in ‘appropriate case[s]’ may evaluate ‘the burden on the defendant,’ ‘the forum State’s interest in adjudicating the dispute,’ ‘the plaintiffs interest in obtaining convenient and effective relief,’ ‘the interstate judicial system’s interest in obtaining the most efficient resolution of controversies,’ and the ‘shared interest of the several States in furthering fundamental substantive social policies.’ ”
Burger King Corp. v. Rudzewicz, 471 U.S. 462, 473-77, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (citations and footnotes omitted).
This Court has summarized the test for minimum contacts explained in Burger King as follows:
“(1) The nonresident defendant’s contacts must be related to the plaintiffs cause of action or have given rise to it. (2) By its contacts the nonresident defendant must have purposefully availed itself of the privilege of conducting business in the forum state. (3) The nonresident defendant’s contacts with the forum must be ‘such that the nonresident defendant “ ‘should reasonably anticipate being haled into court’ ” in the forum state.’ ”
Ex parte Alamo Title Co., 128 So.3d 700, 711 (Ala.2013) (quoting Ex parte Excelsior Fin., Inc., 42 So.3d 96, 101 (Ala.2010), quoting in turn Burger King, 471 U.S. at 473) (citations and footnote omitted). “The issue of personal jurisdiction “‘stands or falls on the unique facts of *1081 [each] case.” ’ ” Ex parte Citizens Prop. Ins. Corp., 15 So.3d 511, 515 (Ala.2009) (quoting Ex parte I.M.C., Inc., 485 So.2d 724, 725 (Ala.1986)).
The evidence in this case indicates that Merches’s contacts with Alabama were limited. According to his affidavit, Merch-es, while working for Builders Transportation in Tennessee, answered a telephone call placed to Builders Transportation by “the plaintiffs,” who are residents of Alabama. The incident report notes that Merches actually spoke with plaintiff Cora Brantley during that telephone call. Cora told Merches that she had information about the location of Builders Transportation’s missing flatbed trailer and that she would reveal that information if Builders Transportation- would pay her $10,000. After that first conversation ended, Merch-es contacted his supervisor Bassett, and Merches also contacted law-enforcement authorities in Alabama. Merches then telephoned Cora and, according to the incident report, “agreed to give her the $10,000 so that Deputy Robert Clayton could catch Cora.” Sharon Brantley subsequently led Deputy Sheriff Clayton and a driver for Builders Transportation to the trailer in Alabama.
It is undisputed that Merches’s contacts with Alabama relate to the cause of action. However, considering “‘the quality and nature of [Merches’s] activity,’ ” Burger King, 471 U.S. at 475 (quoting Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)), we cannot say that Merches purposefully availed himself of the privilege of conducting activities in Alabama or that he could have reasonably anticipated being haled into court in Alabama. For one thing, Merches did not initiate contact with the plaintiffs in Alabama. Given the limited contacts in this case, the fact that Merches did not initiate contact with Alabama is particularly significant. See Hiller, 957 So.2d at 1118-19 (finding the first-contact factor to be “highly significant” in evaluating whether minimum contacts exist); and Ex parte Troncalli Chrysler Plymouth Dodge, Inc., 876 So.2d 459, 465 (Ala.2003) (“Of particular relevance is whether the plaintiff initiated the sale or contact.”), and cases cited therein.
More importantly, Merches’s contacts with Alabama were “ ‘random,’ ‘fortuitous,’ [i.e., occurring by chance, and] ‘attenuated.’ ” Burger King, 471 U.S. at 475. Through no action by Merches, the missing trailer owned by his employer happened to turn up in an abandoned field in Alabama. Through no action by Merches, the plaintiffs obtained information about the location of the trailer in Alabama; Merches happened to answer the telephone for his employer when Cora telephoned his employer’s Tennessee office seeking to trade that information for $10,000. Although Merches then contacted the authorities in Alabama to discuss the situation, he did so only because he had been drawn into the situation by the plaintiffs in Alabama. The evidence indicates that Merches, acting on his employ er’s behalf, “agreed” to pay Cora $10,000 only “so that Deputy ... Clayton could catch Cora.” Considering that fact, we may safely conclude that Merches’s so-called “agreement” with Cora was made pursuant to the advice of the Hale County Sheriffs Office'. These activities do not demonstrate purposeful availment.
The evidence indicates that, after Merches’s second telephone conversation with Cora, his contacts with Alabama ceased. He was not present when Cora and Sharon were arrested in Alabama, nor was he ever present in Alabama. Although Merches, through telephone calls made on behalf of his employer, was involved in the recovery of his employer’s *1082 trailer, his involvement ended with the second telephone call. The incident report, completed after the recovery of the trailer, indicates that Merches’s supervisor, Bassett, reported the incident and lists Merches’s employer as the victim. An examination of the “nature and quality” of Merches’s contacts with Alabama reveals that his initial contact was random and uninitiated and that subsequent limited contacts naturally stemmed from the initial contact. In short, Merches’s contacts with Alabama were random, fortuitous, and attenuated, i.e., they were not “actions by [Merches] himself that create[d] a ‘substantial connection’ with [Alabama].” Burger King, 471 U.S. at 475 (emphasis omitted).
Our conclusion is in accord with our recent decision in Ex parte Alamo Title Co., supra, and the cases cited therein. In Alamo, we concluded that Alamo, an escrow agent, lacked minimum contacts with Alabama. This Court noted that “Alamo had virtually no contact with Alabama other than telephone and electronic-mail communications [with other parties] and the wiring of funds from [a] Texas bank account to [an] Alabama bank account in relation to the real-estate transaction” underlying the action. 128 So.3d at 712. We concluded that there was no evidence that Alamo “ ‘purposefully availed’ itself of the protection of the laws of Alabama or that it should reasonably have expected to be haled into court here.” 128 So.3d at 712. The Court in Alamo then noted other similar cases in which this Court has found a lack of minimum contacts, including Ex parte No. 1 Steel Products, Inc., 76 So.3d 805 (Ala.2011) (finding a lack of personal jurisdiction when a nonresident defendant entered into a one-time contract for the purchase of goods from an Alabama plaintiff), and Vista Land & Equipment, L.L.C. v. Computer Programs & Systems, Inc., 953 So.2d 1170, 1177 (Ala.2006) (“[O]ur caselaw does not authorize the exercise of personal jurisdiction over a nonresident defendant solely on the basis of contracts it may have entered into with Alabama parties; rather, such jurisdiction is authorized when there is an ongoing contractual relationship supported by the additional contacts that are incidental to such a relationship.”).
We conclude that Merches lacked sufficient minimum contacts with Alabama to support the trial count’s exercise of personal jurisdiction over him. Merches has a clear legal right to have the plaintiffs’ claims against him dismissed for lack of personal jurisdiction. Accordingly, we grant Merches’s petition for a writ of mandamus and issue the writ directing the trial court to vacate its order denying Merches’s motion to dismiss and to enter an order dismissing the claims against Merches. Our holding pretermits discussion of the other arguments made by Merches.
PETITION GRANTED; WRIT ISSUED.
STUART, BOLIN, PARKER, and WISE, JJ., concur.
MURDOCK and SHAW, JJ., concur in the result.

. Although the complaint named "Builder Transportation Company, LLC,” as a defendant, the actual name of that company is “Builders Transportation Company, LLC.”